————o————

JOHN A. GIST and AUSTIN CRAIG, Respondents, *vs.* SAMUEL G. LORING, Appellant.

1. *Instructions—Refusal of, proper, when.*—Declarations of law not applicable to the facts of a case, although abstractly correct, are properly refused.

2. *Practice, civil—Witnesses—Credibility of, etc.*—The trial court is the proper judge of the credibility of witnesses.

3. *Justices' courts, replevin in—Failure of statement to show cause of action—Amendment of statement in Circuit Court.*—In a replevin suit brought before a justice of the peace under the "claim and delivery" act (Wagn. Stat., 817,) where the statement fails to allege that the property was detained by defendant, and that it had not been seized under any process, execution or attachment, etc., it shows no cause of action upon which process can issue; and such statement cannot be amended in the Circuit Court.

*Appeal from DeKalb Circuit Court.*

*S. G. Loring,* for Appellant.

*J. D. Strong,* for Respondents.

NAPTON, Judge, delivered the opinion of the court.

This was an action for a saddle estimated at the value of $8. The suit was brought under the 3rd article of the justice act concerning "a claim and delivery of personal property." (Wagn. Stat., 817.)

When the case reached the Circuit Court a motion to dismiss was made, and during its pendency the plaintiffs applied for leave to amend. This leave was granted ; and as this involves a very prominent point in the case, it is necessary to copy the statement before the justice, which was in these words:

" Plaintiffs state that they are lawfully entitled to the pos-
session of a certain saddle, once the property of John Fisher,
of the value of $8; that the same was on or about the 1st of
June, 1872, unlawfully taken, and is now wrongfully detained
at the county aforesaid, and that plaintiffs are in great dan-
ger of losing said property unless taken out of defendant's
possession. Plaintiff further states, that for the taking and
detention of said property, and for all injuries thereto, he is
damaged ten dollars. Wherefore plaintiff prays judgment
for the recovery of said property, and ten dollars damages for
the taking and detention thereof, and all injuries thereto."
(Signed, Austin Craig, one of the plaintiffs, who makes oath
that the facts and allegations in the above statement are true.)

It is impossible to say from the transcript sent here whether
there were one or two plaintiffs in this statement filed with
the justice. As the case involved eight dollars, and was
thought to be of sufficient importance to be brought to this
court, some reasonable degree of accuracy in this respect
might be looked for.

The amended statement filed in the Circuit Court, is this:
" Plaintiffs, for amended statement, say that they are doing
business together, and known under the firm name of Gist &
Craig, and are equal partners in a general farming, butcher
and grocery business, in the town of Maryville, and that they
are lawfully entitled to the possession of a certain saddle,
once the property of John Fisher, and known as the N. C.
Ford saddle, of the value of eight dollars; that the same was
on or about the 1st day of June, 1872, wrongfully detained
by the defendant, and that the said saddle has not been seiz-
ed," etc., pursuing the exact words of the statute.

There was a trial in the Circuit Court without any jury,
and a bill of exceptions preserves the evidence and the de-
clarations of law made by the court.

The evidence shows that one Fisher sold a horse and sad-
dle, confided to him by Ford, the owner, to one of the plain-
tiffs for fifteen dollars; and after deducting ten dollars, the
cost of keeping the horse, he divided the five between himself
and Ford.

The evidence of the defendant showed that Fisher had no such authority, and undoubtedly never delivered the saddle to the plaintiffs, or either of them; that defendant bought the saddle from Ford, who delivered it to him at the time he bought; that he paid a valuable consideration for it, and knew nothing of any claim of plaintiffs.

There was no evidence whatever to show that the saddle was ever delivered to plaintiffs by Ford; but evidence was given to show Ford's general character to be bad.

The instructions or declarations of law made by the court, are of no importance to the decision of this cause here. They are mere abstractions, and were undoubtedly correct. The verdict found by the court is against the evidence, as we understand it, but the court could appreciate the credibility of witnesses better than we can, and this is no ground for a reversal of the judgment.

But the statement filed with the justice is not in compliance with the law, and no process could have been issued upon such a statement. No cause of action against the defendant is alleged. Passing by the vague description of the property, it is not alleged that the defendant detained it. and there is no allegation that it had not been seized under any process, execution or attachment, etc.

In ordinary cases before justices, we have uniformly upheld the power and duty of the Circuit Court to allow amendments, where the cause of action before the justice is not substantially changed. But the statement filed with the justice in this case, under the 1st section of art. 3, omits two of the six clauses expressly required to be verified by affidavit, before an order could be issued to the constable for seizing and delivering the property. The amended petition filed in the Circuit Court is therefore substantially a new action, and affords no justification for the exercise of the power confided to the justice, upon special grounds carefully set forth in the act.

It is not meant as any reflection upon the legislative department of the government, to say that such controversies

ought to be excluded from this court, since this court decided, when its docket did not amount to a hundred cases a year from the whole State, that the legislature had no power to impose such restriction, and the same principle of course holds good when the docket reaches one thousand cases a year.

The judgment is reversed and the cause dismissed.