MADKINS v. TRICE, PLAINTIFF IN ERROR.

**Replevin in Justice's Court:** DEFECTIVE STATEMENT: POWER OF CIRCUIT COURT TO PERMIT AMENDMENT. In an action brought in a justice's court under the statute concerning the claim and delivery of personal property (Wag. Stat. 817), an affidavit to plaintiff's statement which omits to say that the property claimed has not been seized under any process, execution or attachment against the property of plaintiff, is defective; and the circuit court, on appeal, has no power to permit it to be amended.

*Error to Macon Circuit Court.*—HON. JOHN W. HENRY, Judge.

*B. G. Barrow and J. L. Berry* for plaintiff in error.

HOUGH, J.—This was an action under the statute in relation to the claim and delivery of personal property, instituted before a justice of the peace. The affidavit of plaintiff omitted to state that the property claimed "had not been seized under any process, execution, or attachment against the property of the plaintiff." On appeal to the circuit court, the affidavit was amended and the omission supplied. Since the trial of this cause by the circuit court, it has been expressly decided by this court in the case of *Gist v. Loring*, 60 Mo. 487, that such an amendment cannot be made after appeal to the circuit court. The judgment, which was for the plaintiff must therefore be reversed, and the suit be dismissed. All concur except Judge HENRY, not sitting.

REVERSED.