BERRY, *Appellant*, v. KAUFFMAN..

**Replevin in Justice's Court.**   The statement filed in the present case (an action of replevin commenced before a justice of the peace), though not in the precise words of the form prescribed by the statute, (Wag. Stat., ¿ 2, p. 817,) *Held*, sufficient; the departures are immaterial.

*Appeal from Mercer Circuit Court.*—Hon. G. D. Burgess, Judge.

Reversed.

*H. J. Alley* for appellant.

*Hyde & Orton* for respondent.

Henry, J.—This case originated before a justice of the peace, and was brought under the first and second sections of the third article of the justice's act concerning the " claim and delivery of personal property." Section 1 provides as follows : " If the plaintiff claim the possession of specific personal property, he shall, in his written statement, set forth, first, that he is lawfully entitled to the possession of the property claimed, (sufficiently describing it;) second, that it is wrongfully detained by the defendant at the county in which suit is sought to be instituted ; third, the actual value thereof; fourth, that the same has not been seized under any process, execution or attachment against the property of the plaintiff; fifth, the amount of damage, if any, plaintiff ought to recover for injuries to the property, or for the taking and detention or detention thereof; sixth, the plaintiff will be in danger of losing his said property, unless it be taken out of the possession of defendant; and which statement shall be verified by the affidavit of plaintiff, his agent or attorney, that to the best of his knowledge and belief the facts and allegations contained in such statement are just and true." The second section provides that such statement and affidavit may be in the following form : "State of Missouri, county of——, before H. K., justice of the peace of——township ; A. B., plaintiff, against C. D., defendant; statement: Plaintiff states that he is lawfully entitled to the possession of (here describe the property), of the value of——dollars; that the same was, on the——day of——, A. D. 18—, unlaw-

fully taken, has been injured and is now wrongfully detained at the county aforesaid; that the same has not been seized under any process, execution or attachment against the property of the plaintiff, and that the plaintiff is in great danger of losing said property unless it be taken out of defendant's possession. Plaintiff further states that for the taking and detention of said property, and for all injuries thereto, he is damaged——dollars; wherefore, plaintiff prays judgment for recovery of said property and ——dollars damages for the taking and detention thereof, and all injuries thereto."

Although section 1 requires plaintiff, in his written statement, to allege that "the property is wrongfully detained by the defendant at the county in which the suit is sought to be instituted," the Legislature virtually declared in the 2nd section that the allegations in the form there prescribed are to be taken as sufficiently stating that fact. The plaintiff's statement in this case is almost literally copied from the statutory form, and those allegations in that form, which are omitted from his statement, are wholly immaterial. In the statutory form one allegation is that the property was unlawfully taken, has been injured and is now wrongfully detained," &c. In plaintiff's statement the words "has been injured" are not included. Instead of saying that the property was " of the value," &c., as in the statutory statement, plaintiff's statement alleges that it was " valued at," &c. In the statement in the statute the allegation is, that on a given day it was unlawfully taken, whereas, plaintiff alleges that " on or about the 15th day of July, it was wrongfully taken," &c. These are wholly immaterial departures. The statement substantially conforms to that prescribed in the statute. On motion of defendant the circuit court, to which the case had been appealed, dismissed the cause, and from its judgment plaintiff has appealed.

No doubt the case of *Gist v. Loring*, 60 Mo. 487, was regarded by the circuit court as decisive of the insufficiency

of plaintiff's statement. The statement in that case, as in this, followed the form prescribed by the statute, except that it omitted to allege that the saddle there sued for had not been seized under any process, execution or attachment against plaintiff's property. It was held that for that reason it was not "in compliance with the law, and no process could have been issued on such a statement." The omission of that averment was there held, and properly, we think, fatal to the statement. The court did observe that, "no cause of action against the defendant is alleged. Passing by the vague description of the property; it is not alleged that the defendant detained it, and there is no allegation that it had not been seized under any process," &c. The 2nd section of the statute was evidently overlooked, and the 1st alone, considered by the court. Without the 2nd section, a statement such as that filed by the plaintiff, would be manifestly insufficient, for it expressly requires the allegation that the defendant detains the property, which is unaccountably omitted from the form prescribed by the 2nd section. Judgment reversed and cause remanded, the other judges concur.