73 619
41a 579
41a 584

ROWLAND v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Statement in Justice's Court**: AMENDMENT IN CIRCUIT COURT: ACTION AGAINST RAILROAD FOR DOUBLE DAMAGES. If it is evident from the statement filed before a justice of the peace in an action against a railroad company for killing stock, that the action is intended to be brought under the 43rd section of the railroad law, any insufficiency in the statement may be cured by amendment, after the case has reached the circuit court.

2. ——— : ——— : ———. The statement in the present case, (an action against a railroad company under the 43rd section of the railroad law for killing stock;) *Held*, insufficient, (1) Because it did not show that the stock got on the railroad or were killed in consequence of the failure of the company to construct or maintain fences or cattle guards. (2) Because it did not show that the killing did not occur within the limits of some incorporated town.

*Appeal from Butler Circuit Court.* — HON. R. P. OWEN, Judge.

REVERSED.

This was an action originally instituted before a justice of the peace upon the following statement: "Plaintiff says that defendant is a corporation; that on the 18th day of January, 1877, in Ash Hill township, in Butler county, and where the said railroad was not fenced, and where there was no public crossing, defendant, by its agents and servants did, while running its locomotive on its said railroad, strike and kill twelve head of hogs, the property of plaintiff, of the value of $12. Plaintiff prays judgment for $24, being double the value of said hogs." The second count alleged the killing of eight hogs of the value of $32, and was in form identical with the first. The judgment of the justice having been against the defendant, it duly appealed to the circuit court, where the plaintiff filed the following amended statement. (1) "Plaintiff states that the defendant is an incorporated company under the laws of the State of Missouri, and at the times hereinafter mentioned, was the owner and occupier of the St. Louis, Iron Mountain & Southern Railroad; that on the 18th day of January, 1877, in Ash Hill township, Butler county, Missouri, and where its said railroad was not fenced, and where there was no public or private crossing on said railroad, the defendant, by its agents and servants, and while running its locomotive on said railroad, did then and there run over twelve head of hogs, the property of plaintiff, and of the value of $12, and thereby killed them; that by reason of the killing of said hogs, and by virtue of the 43rd section of chapter 63 of the General Statutes of Missouri, judgment is prayed for $24." (2) "For a further cause of action, plaintiff says the said defendant, while running its said locomotive and train of cars, in Ash Hill

township, in Butler county aforesaid, on the 15th day of November, 1877, did then and there run over eight head of hogs, the property of plaintiff, and of the value of $40, and thereby killed them; that by reason of the killing of said hogs, as aforesaid, and by virtue of the 43rd section of chapter 63 of the General Statutes of Missouri, judgment is prayed for $80, together with cost."

*William R. Donaldson* and *Smith & Krauthoff* for appellant, cited *Musick v. R. R. Co.*, 57 Mo. 134; *Cary v. R. R. Co.*, 60 Mo. 209; *Davis v. Ry. Co.*, 65 Mo. 441; *Quick v. R. R. Co.*, 31 Mo. 399; *Miles v. R. R. Co.*, 31 Mo. 407; *Dyer v. R. R. Co.*, 34 Mo. 127; *Luckie v. R. R. Co.*, 67 Mo. 245; *Cunningham v. R. R. Co.*, 70 Mo. 202.

*I. M. Davidson* for respondent.

SHERWOOD, C. J.—The first and second counts in the statement filed with the justice of the peace, though obviously insufficient, yet contain sufficient matter to amend by, as it evidently inferentially refers to the 43rd section of the railroad act.   The circuit court, therefore, committed no error in permitting the amendment of the statement when the cause came to that court by appeal.

But the amendment, when made, did not state facts constituting a cause of action, even under the section referred to, as amended, (Acts 1875, p. 131,) because the amended statement does not set forth that the hogs got on the railroad or were killed in consequence of the "failure to construct and maintain such fences or cattle-guards." *Luckie v. R. R. Co.*, 67 Mo. 245; *Cunningham v. R. R. Co.*, 70 Mo. 202.   From aught that appears in the amended statement the killing may have occurred within the limits of some incorporated town, where neither the law would require, nor the corporate authorities permit the defendant to fence its road.   The judgment is reversed and the cause remanded.   All concur.