EMILE SIECKMAN, Respondent, *v.* LEON ERNEST ARWEIN,
Appellant.

April 19, 1881.

1. Where the jurisdictional facts sufficiently appear, the complaint in replevin
before a justice of the peace is not necessarily bad because of departures
in immaterial particulars from the precise words of the statute.

2. In such a case the venue need not appear in the body of the complaint if it
appears in the margin.

3. It is immaterial in such a case that the statement is not signed otherwise
than by the signature to the affidavit thereto.

4. The letters " J. P." following the signature of one before whom an oath is
subscribed, is sufficient to show his authority to administer oaths.

APPEAL from the St. Louis Circuit Court, WICKHAM, J.
*Reversed nisi.*

C. A. SCHNAKE, for the appellant.

M. THOMPSON, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action of replevin before a justice. The ver-
dict and judgment on trial anew in the Circuit Court, were
for the value of the property and for $35 damages. Ap-

pellant contends that the complaint does not conform to the statute in several respects.

The word "wrongly" is used for the word "wrongfully." This is a misprint in the printed form. We regard it as immaterial.

The complaint begins, "State of Missouri, City of St. Louis, SS.," and states that the property is detained by defendant "at the C aforesaid." The word "county" was in the printed blank. It is stricken out, and the person filling up the blank has probably intended to write "city" in its place, but only put down the first letter of the word. It is expressly declared in *Stoker* v. *Crane*, 46 Mo. 264, that the venue need not appear in the body of the complaint in replevin before a justice, where it appears in the margin. That case has never been overruled.

The statement is not signed by plaintiff with any other signature than that affixed to the affidavit at the foot of the petition. We think that this signature is sufficient.

It is claimed that the jurat does not show that Bernard P. Taaffe, before whom the affidavit was made, was an officer authorized to administer oaths. The letters "J. P." are printed to the form of the jurat, and the justice has so written his name as to extend some letters of it over these initials. The complaint is not bad on this account. Nor is there anything more substantial in the objection that the affidavit does not contain the name of the plaintiff, but begins, "Plaintiff makes oath," etc., instead of "Emile Siekman, plaintiff," as indicated in the printed form. Where the jurisdictional facts sufficiently appear, the complaint in replevin is not necessarily bad because of departures in immaterial particulars from the precise words of the form in section 2 of the act. Wag. Stats. 817, sect. 2; *Berry* v. *Kauffman*, 70 Mo. 186.

The evidence in this case supports the finding for plaintiff for the value of the property; but there is no evidence at all as to damages, and the finding is so far excessive.

We see nothing in the instructions calculated to mislead the jury or prejudice the appellant. The instruction that defendant was not entitled to a lien for storage of the goods was unnecessary, as it does not appear that any lien was claimed, or any charge made for storage. But the error was harmless, and will not warrant a reversal of the case.

If the defendant, within ten days, will remit the amount found for damages the judgment will be affirmed; otherwise the judgment will be reversed and the cause remanded. The costs of the appeal will be taxed against respondent. Judge THOMPSON concurs; Judge LEWIS did not sit.