KING v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Justice's Courts**: AMENDMENT ON APPEAL. A complaint filed before a justice of the peace for the killing of live stock showed upon its face that it was intended to be drawn under the 43rd section of the Railroad Law, but failed to make some averments essential under that section. On appeal the circuit court permitted the omission to be supplied by amendment. *Held,* that this was warranted by section 3060, Revised Statutes 1879.

2. **Lawful Fences.** A post and plank fence four and one-half feet high is a lawful fence within the meaning of the 43rd section of the Railroad Law.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

REVERSED.

*M. A. Low* for appellant.

*A. H. Vories* and *Doniphan & Reed* for respondent.

HOUGH, C. J.—This suit was instituted before a justice of the peace to recover damages for the killing of a mare and two mules by a locomotive and train of cars belonging to and operated by the defendant. The material portion of the statement filed with the justice, is as follows: "That said mare and two mules were run upon and killed by said defendant's locomotive and train of cars, at a point in its road on or near the land of Daniel B. Griffith, in said township, where said defendant had not inclosed, and did not erect any fence, nor maintain cattle-guards, as required by section 43, article 2, chapter 37, page 310, Wagner's Missouri Statutes." On appeal to the circuit court, and at the January term, 1880, of said court, the plaintiff filed an amended statement, setting forth that the animals in question were killed at a point on defendant's road, where the same passes along and ad-

*1. JUSTICE'S COURTS: amendment on appeal.*

joins plaintiff's inclosed and cultivated field, and not at a crossing of said road, public or private, and that said animals got upon the track where the defendant had failed and neglected to erect and maintain good and sufficient fences, and were killed in consequence of such failure.

The defendant objected to the amendment, and the question is, whether it was permissible. It has repeatedly been held by this court, that statements like that filed with the justice in this case, could not be amended in the circuit court; but those rulings were made in cases where the cause was tried in the circuit court, before the Revised Statutes of 1879 took effect. By section 3060 of the Revised Statutes, it is provided that on appeal from a judgment of a justice of the peace, the statement filed before the justice may be amended in the appellate court, so as to supply any deficiency or omission therein, when, by such amendment, substantial justice will be promoted; provided no cause of action not intended to be included in the original statement shall be added by such amendment. This section, which is a new one, authorizes the amendment made in this case.

The judgment must be reversed, however, for error committed by the court in giving the following instruction: 2. LAWFUL FENCES. "Although the jury may believe from the evidence that the mare of plaintiff got on the track of defendant by reason of breaking over defendant's fence, yet if they believe from the evidence that she broke over the same by reason of its not being five feet high, they will find for the plaintiff."

Under the law in force at the time the injury complained of was inflicted, (Acts 1875, p. 131,) the defendant was required to maintain a lawful fence, and a fence of post and planks four and a half feet high, was, under the law then in force, and now is a lawful fence. 1 Wag. Stat., 706, § 2, R. S., § 5652. The fence alleged to be defective in this case, was of post and planks.

The judgment will be reversed and cause remanded. All the judges concur.