79  525
41a 579
41a 584

DRYDEN v. SMITH, *Receiver of the Burlington & Southwestern Railway Company, Appellant.*

**Railroads**: KILLING CATTLE: COMPLAINT: AMENDMENT. In an action against a railroad company for double damages for killing cattle, a complaint which fails to show that the injury occurred at a point on the road where there should have been fences, but were none, or that it was occasioned by the failure to fence, is defective, but under the present statute, (R. S. 1879, § 3060,) may be amended after appeal to the circuit court.

*Appeal from Linn Circuit Court.*—Trial before CHAS. L. DOBSON, ESQ., sitting as Special Judge.

REVERSED.

*Smith & Krauthoff* with *L. T. Hatfield* for appellant.

*Stephens & Smith* for respondent.

EWING, C.—This suit was instituted before a justice of the peace to recover damages for killing a steer, by a locomotive and train of cars belonging to and operated by defendant. That portion of the statement necessary to a determination of this cause is as follows: "That on the 15th day of June, 1879, the defendant ran over, upon and against a certain steer belonging to plaintiff by their locomotive and train of cars in the township of Locust and county of Linn aforesaid, and did then and there kill said steer; that at the time said steer was killed, the Burlington & Southwestern Railway was not fenced or inclosed in any manner or any place along the line of said way; that said steer was not at or upon a public crossing over said way at the time he was killed, or in any corporated town, city or village. Plaintiff therefore says she has sustained actual damage in the sum of $15; wherefore she prays judgment for the sum of $30 by virtue of article 2, chapter 37, Wagner's Statutes." Plaintiff had judgment for double damages before the justice of the peace, and defendant appealed to the circuit court, where judgment was again rendered for plaintiff as asked in the statement.

At the trial in the circuit court defendant moved to dismiss the cause for the reason that plaintiff's statement did not state facts sufficient to authorize a recovery, in that it did not show that the alleged injury occurred at a point on said railway where the same was not and should have been fenced, or that the injury was occasioned by a failure to fence said railroad. The motion was overruled and de-

fendant excepted. It does not appear from the foregoing statement, nor can it be inferred, that a failure to fence the railroad was the cause of the killing. Under numerous rulings of this court the statement is therein defective. *Luckie v. C. & A. R. R. Co.*, 67 Mo. 245 ; *Bates v. St. L., I. M. & S. R'y Co.*, 74 Mo. 60 ; *Sloan v. Mo. Pac. R'y Co.*, 74 Mo. 47. The revised code of 1879 took effect before the trial of this case, which was in December, 1879 ; and under the ruling of this court in *King v. C., R. I. & P. R'y Co.*, *ante*, p. 328, the plaintiff would have the right to amend. But for failure to sustain defendant's motion to dismiss, under the existing pleading the judgment must be reversed and the cause remanded. PHILIPS, C., concurs; MARTIN, C., absent.