M. Holland, Respondent, v. West End Narrow Gauge Railway Company, Appellant.

June 24, 1884.

1. Damages — Pleading — Railroads — Stock. — A petition in an action under section 809 of the Revised Statutes against a railroad company for killing stock, which does not aver that the killing did not occur within an incorporated town, is not sufficient.

2. —— REPEAL OF STATUTES. — The stock law (Rev. Stats., p. 1550) does not repeal the statute which requires railroad companies to fence their roads.

3. —— TRESPASS — FENCES. — The trespass, if any, of cattle is not a defence to an action for their death against a railroad company where they enter upon the road from the owner's premises by reason of the company's failure to fence its road.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Reversed and remanded.*

M. F. TAYLOR, for the appellant: There is no allegation that the cattle strayed on the track because of a failure upon the part of defendant to fence its roadway. This is essential. — *Luckie* v. *Chicago and Alton Ry. Co.*, 67 Mo. 245; *Johnson* v. *St. L., K. C. & N. Ry. Co.*, 76 Mo. 554; *Cunningham* v. *H. & St. Joe Ry. Co.*, 70 Mo. 202; *Sloan* v. *Mo. Pac. Ry. Co.*, 74 Mo. 47. There is no allegation that at the point where the road was unfenced, was not within an incorporated city. This, also, is essential. — *Rowland* v. *St. L., I. M. & S. Ry. Co.*, 73 Mo. 619; *Schutte* v. *Railroad Co.*, 76 Mo. 325.

G. W. ROYSE, for the respondent: The petition is good. — *Rowland* v. *I. M. & S. Ry. Co.*, 73 Mo. 619; *Luckie* v. *Railroad Co.*, 67 Mo. 245.; *Cunningham* v. *Railroad Co.*, 70 Mo. 202; *Schutte* v. *St. L., I. M. & S. Ry. Co.*, 76 Mo. 324. If a material averment is not expressly averred in the pleadings, but is necessarily implied from what is stated therein, the defect is cured by verdict in favor of party so pleading. — *Grove* v. *The City of Kansas*, 75 Mo. 672.

LEWIS, P. J., delivered the opinion of the court.

The petition avers that, in the county of St. Louis, at a point on the track of the defendant's railroad, " where the same passes along and adjoining an enclosed and cultivated field and unenclosed lands, and not a private or public crossing of said railroad, the defendant, by its agents and

servants, running its locomotive engines and trains of cars, ran the same upon and over" the plaintiff's cattle, described, " and then and there killed said cattle. That said defendant has failed to erect and maintain good and sufficient fences on the sides of its road, at the point where said cattle strayed upon its (defendant's) track and were killed. By reason whereof the plaintiff states that, by the act and default of the defendant herein, he has been dam aged in the sum of," etc. At the trial, the defendant objected to the introduction of any evidence by the plaintiff, on the ground that no cause of action was shown by the petition. The objection was overruled, and the defendant renewed it, after the verdict, by a motion in arrest, which was also overruled. There is no direct averment in the petition that the stock were not killed within the limits of an incorporated town. In *Rowland* v. *Railroad Co.* ( 73 Mo. 619), the complaint charged that the killing was done where the railroad " was not fenced, and where there was no public or private crossing on said railroad." In holding that this was insufficient, Judge Sherwood said : " From aught that appears in the amended statement, the killing may have occurred within the limits of some incorporated town, where neither the law would require, nor the corporate authorities permit the defendant to fence its road." If this ruling stood alone, there might be some room for an argument that nothing more was intended than a strong showing of the insufficiency of a statement which failed to set forth the conditions of liability exacted by the terms of the statute. But the supreme court itself has given us a much more comprehensive interpretation of that ruling. When the pleader, following the words of the statute, says that the several wrongs and derelictions occurred at a place where the road passes " through, along, or adjoining enclosed or cultivated fields or unenclosed lands," we are not at liberty to infer, without a direct averment, that this was not " within the limits of an incorporated town." In *Schulte*

v. *Railroad Co.* ( 76 Mo. 324 ), the former decision is interpreted as holding that "a statement, to be sufficient, * * * *must aver* that the stock were not killed within the limits of an incorporated town." This interpretation binds us, and we must, therefore, hold that the petition in this case is insufficient. Further following the last mentioned decision, we will remand the present cause, in order that the plaintiff may properly amend his petition.

A question is presented in this case as to the effect of the St. Louis County stock law, upon the responsibility of railway corporations for failing to fence their roads. We do not perceive that the stock law of 1877 ( Rev. Stats. 1550) repeals the statute which requires railway companies to fence their roads or in any way relieves them of responsibility for failing to do so. The stock law makes it unlawful for any animal of the species mentioned " to run at large, or outside of the enclosure of its owner, or to be herded on land other than that of its owner." It is argued, hence, that even if the company fails to fence, and a cow gets upon the road and is killed by the locomotive, there can be no liability, because the cow was a trespasser. But this argument overlooks the important fact that the enclosure of the owner is required by law to be provided in part by the railway company. Rev. Stats., sect. 809. If the company fails to perform this duty by reason whereof an animal gets on the track from its owner's adjoining lands, the trespass, if any, is a direct result of the company's dereliction. The company can not, by setting up such a trespass in defence, make advantage of its own wrong. There is no inconsistency between the railway fencing law and the stock law, and no repeal of either, by implication or otherwise. Both can be enforced and stand together. While the stock owner is required to keep his cattle within enclosures, the railway corporation is commanded to help him do so, to the extent of so much of the enclosure as lies along the railway. The penalty for failure to contribute in this way is

distinctly declared in the statute, and can not be frittered away by ingenious reasoning.

In conformity with the decision in *Schulte* v. *Railroad Co.*, above cited, the judgment is reversed and the cause remanded. All the judges concur.