KITCHEN v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*.

**Railroads**: KILLING STOCK: AMENDMENT OF STATEMENT. In an action against a railroad company, brought before a justice of the peace, under Revised Statutes 1879, section 809, for double damages for killing stock, the statement may be amended upon appeal to the circuit court so as to show that the killing occurred in an adjoining township to the one in which suit was brought.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

(1) The court below erred in permitting plaintiff to amend his complaint. The fact that the injury sued for happened in Sugar Creek township, or an adjoining township, was required to appear from the justice's proceedings, and in its absence there was no jurisdiction. *Hansberger v. Railroad Co.*, 43 Mo. 196; *Haggard v. Railroad Co.*, 63 Mo. 302; R. S., § 2839. The point that the justice had no jurisdiction can be made for the first time in the circuit court. *Webb v. Tweedie*, 30 Mo. 488; *Dillard v. Railroad Co.*, 58 Mo. 69. No process could legally be issued upon such a statement. *Gist v. Loring*, 60 Mo. 487; *Madkins v. Trice*, 65 Mo. 656. Where the petition does not state facts authorizing the service made, the defect cannot be cured by amendment. *Huff v. Shepard*, 58 Mo. 242. (2) The court erred in refusing the defendant's demurrer to the evi-

dence on the part of the plaintiff, which did not show that the animals were killed at a place where it was the defendant's duty to fence. For aught that appears, the killing may have taken place within an incorporated city or town, or within depot grounds or switch limits, required by public necessity to be kept open, or at a private road crossing. *Mumpower v. Railroad Co.*, 59 Mo. 245; *Cary v. Railroad Co.*, 60 Mo. 209; *Holman v. Railroad Co.*, 62 Mo. 562; *Wyatt v. Railway Co.*, 62 Mo. 408; *Crews v. Lackland*, 67 Mo. 619. (3) The court erred in denying defendant's application for continuance. When an amendment of this character is made, the defendant is entitled, as a matter of right, to have time to plead. *Neidenberger v. Campbell*, 11 Mo. 359.

*Hollis & Wiley* for respondent.

MARTIN, C.—The plaintiff sues under section 809 of the Revised Statutes of 1879, for double damages on account of the killing of a mare. The case, on appeal from the justice, was tried by the court without aid from a jury, and judgment was rendered in favor of the plaintiff in the sum of $70, which was, on motion of plaintiff, doubled. From this judgment the defendant appeals.

The principal objection urged against the judgment is, that the court allowed the plaintiff to amend his petition in the upper court, after appeal to that tribunal. The original petition alleged that the mare was killed in Union township. The suit was commenced before a justice of the peace in Sugar Creek township, but failed to state that Union township, in which the accident occurred, was an adjoining township. The petition was unobjectionable in other respects, and the court permitted the plaintiff to amend it by adding the necessary allegation to that effect. In *Mitchell v. Railroad Co., ante,* p. 106, the right of the appellate court to permit an amendment of this character, was considered and approved.

The action of the court in refusing a continuance, was

not such as to indicate any abuse of its discretion in matters of this kind. The objection that the evidence fails to negative the possibility of the mare being killed inside of the corporate limits of a town or city, is not sufficient to justify a reversal. The bill of exceptions purports to set out only the tendency of the evidence. I think the statement of the tendency of the evidence, meagre as it is, would warrant a jury in finding that the place of killing was not within the corporate limits of a town or city. I think they had the right to infer that from the testimony of the plaintiff, in absence of any testimony from the defendant, as to the place of killing.

The judgment should be affirmed, and it is so ordered. All concur.