Manz v. The St. Louis, Iron Mountain & Southern Ry. Co.

MANZ v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroads : KILLING STOCK : DOUBLE DAMAGES : STATEMENT:** A statement against a railroad company, under Revised Statutes, section 809, for double damages for killing a cow, which does not allege that she got upon the track at a point where the company was by law required to erect and maintain fences, is insufficient.

2. ———— : ———— : ———— : ————. The statement is defective where it does not allege that the animal got on the track where the same " passes through, along or adjoining enclosed or cultivated fields or unenclosed lands," or that the killing took place at any such point.

3. **Practice : ALLEGATA AND PROBATA : CONSTRUCTION : PENALTY : STATUTE.** Section 809, Revised Statutes, is a penal statute, and in proceedings under statutes exacting a penalty greater strictness of construction, both as to the allegations and the proof, is required than in ordinary cases.

4. ———— : **STATEMENT : AMENDMENT.** A statement before a justice of the peace, under Revised Statutes, section 809, which is held insufficient by the Supreme Court, upon the cause being remanded to the circuit court, may be there amended, if warranted by the facts.

*Appeal from Scott Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

The complaint alleged that on the ninth of August, 1882, at Sylvania township, defendant ran one of its engines and cars against one milch cow, the property of plaintiff, and of the value of twenty-five dollars, and killed the same ; that " said cow having got on the track of the said railroad by the neglect of the defendant to erect and maintain a good and sufficient fence to prevent said cow from getting on said railroad track ; that the

said killing took place at a point where, under the stat-
ute, the same should have been fenced ; and that by the
neglect and failure of the defendant to erect and main-
tain a good and sufficient fence at the said point on said
railroad at the time aforesaid, he was damaged in the
sum of fifty dollars, for which he prayed judgment for
double the value of said cow, as required by section 809,
Revised Statutes.''

*Smith & Krauthoff* and *Thos. J. Portis* for appel-
lant.

(1) The complaint in this case cannot be held suffi-
cient under the most liberal practice. It does not al-
lege that the cow got on the track at a place where the
company was by law required to fence. *Moore v. R. R.*,
81 Mo. 499 ; *Nance v. R. R.*, 79 Mo. 196 ; *Hudgens v.
R. R.*, 79 Mo. 418 ; *Schulte v. R. R.*, 76 Mo. 324 ; *Asher
v. R. R.*, 79 Mo. 433 ; *Morrow v. R. R.*, 82 Mo. 169.
And it is immaterial at what point the animal was struck
and killed by the locomotive and cars of defendant.
*Dryden v. R. R.*, 79 Mo. 525 ; *Cecil v. R. R.*, 47 Mo.
246 ; *Luckey v. R. R.*, 67 Mo. 245. (2) The complaint
does not allege that said cow got upon the track of de-
fendant's railroad where it runs along, through or ad-
joining enclosed or cultivated fields. It alleges no
breach of duty by defendant. *Davis v. R. R.*, 65 Mo.
441 ; *Bates v. R. R.*, 74 Mo. 60. (3) Nor does it nega-
tive the fact that the killing occurred within the limits
of an incorporated town, or at the crossing of a public
highway, where the law does not require and would not
allow the erection of a fence by defendant. *Rowland v.
R. R.*, 73 Mo. 619 ; *Campbell v. R. R.*, 78 Mo. 639.
(4) The defendant made objection at the trial to the in-
troduction of any testimony in support of the complaint,
and consequently the said defect is not cured by verdict.

*Goodwin v. R. R.*, 75 Mo. 73 ; *Jackson v. R. R.*, 80 Mo. 147.

*D. H. McIntyre* and *Marshall Arnold* for respondent.

(1) The statement is sufficient. *Edwards v. R. R.*, 74 Mo. 122 ; *Busby v. R. R.*, 81 Mo. 43, 46 ; *Nance v. R. R.*, 80 Mo. 147 ; *Nicholson v. R. R.*, 82 Mo. 73 ; *Morrow v. R. R.*, 82 Mo. 169. If the statement contains averments of facts which necessarily imply that the failure to fence caused the injury, it is sufficient. *Thomas v. R. R.*, 82 Mo. 508. (2) The statement contains an allegation of a breach of duty by defendant, and negatives the fact that the killing occurred within the limits of an incorporated town or at a public crossing. *Jantzen v. R. R.*, 83 Mo. 171.

SHERWOOD, J.—I. Action under section 809, commonly known as the double damage act, for killing a cow. The statement filed with the justice of the peace must be held insufficient under frequent decisions of this court in this, that it does not allege that the cow got on the track at a point where by law the company was required to erect and maintain fences. This is a fatal defect under the decisions cited and others referred to therein.

The statement is also defective in another particular. It does not allege either that the animal got on the track where the "same passes through, along or adjoining enclosed or cultivated fields, or unenclosed lands," or that the killing took place at any such point. It requires but a casual inspection of the section in question to observe the materiality of the words I have quoted. None would contend that a recovery could be had in cases of this sort, except upon proof that would bring the case within the terms of the statute. If *proof* be necessary,

then, *a fortiori*, *allegations* of the fact to be proven. From aught to the contrary appearing in the statement, the facts in question in this instance may have occurred where no obligation lay upon defendant to fence its track in order to escape the statutory liability of double damages. Frequent rulings of this court establish that no liability of the kind mentioned occurs, for failure to fence in certain localities, though those localities are apparently embraced within the purview of the statute. *Cousins v. R. R.*, 66 Mo. 573; *Edwards v. R. R.*, *Ib.*, 567, and cases cited; *Robertson v. R. R.*, 64 Mo. 412; *Swearingen v. R. R.*, *Ib.* 73, and cases cited. And it has been ruled by this court that the statement must show by direct averment or necessary implication that the killing did not occur within the limits of some incorporated town, or else no liability of the railroad company will be set forth. *Rowland v. R. R.*, 73 Mo. 619; *Schulte v. R. R.*, 76 Mo. 324. And in a later case it was ruled that such a state of facts was sufficiently negatived by an allegation that the animal "strayed upon the track, etc., at a point where said railroad passes along, through and adjoining enclosed or cultivated fields, or unenclosed lands, and was killed," etc. *Williams v. R. R.*, 80 Mo. 597. It will be observed that there is no such allegation in the present record. Moreover, the statute under discussion is a penal one; over and above all compensation for injury done it exacts a penalty. It is needless to say that, where this is the situation, greater strictness of construction, both as to the *allegata* and the *probata*, is requisite than in ordinary cases. *Fusz v. Spaunhorst*, 67 Mo. 256; *Kreitzer v. Woodson*, 19 Mo. 327; *Howell v. Stewart*, 54 Mo. 400; Sedgwick's Stat. and Const. Law, 281, and cases cited.

II. Notwithstanding the plaintiff has failed in his complaint to state a cause of action, yet, under the provisions of section 3060, Revised Statutes, on return of this cause to the circuit court, he may, if the facts will

warrant his so doing, amend his statement and make it conform to the requirements of the statute and the rulings of this court. *King v. Railroad*, 79 Mo. 328; *Minter v. Railroad*, 82 Mo. 128.

The judgment will be reversed and the cause remanded.