22  443
41  576

GEORGE S. FREDERICK, Appellant, v. JOHN W. TIFFIN, Respondent.

### Kansas City Court of Appeals, May 24, 1886.

JURISDICTION—JUSTICES OF THE PEACE—STATEMENT IN REPLEVIN—SURETIES—CASE ADJUDGED.—In an action brought before a justice of the peace, in replevin, the statement filed was defective in omitting to state that the property had not been seized under any process, execution or attachment against the property of the plaintiff, but the justice, nevertheless, issued the writ. After the trial before the justice, the cause, was appealed to the circuit court, where defendant moved to dismiss for the reason that the statement was in

sufficient to give the justice jurisdiction. That court sustained the motion, dismissed the cause, and rendered judgment summarily against the sureties in the replevin bond. *Held*, that the justice had no jurisdiction over the subject-matter. That the process issued by him was void. That the bond was not one given in a proceeding legally conducted under the statute ; and there was no authority in the circuit court to enter the summary judgment, under the statute, against the sureties ; who have brought the case here by appeal.

APPEAL from Caldwell Circuit Court, HON. JAMES M. DAVIS, Judge.

*Reversed and remanded.*

*Motion for re-hearing overruled.*

The case is stated in the opinion.

CROSBY JOHNSON, for the appellant.

I.   Defendant's motion to dismiss having been sustained, because of the failure to state a cause of action in the complaint, and because process could not issue on such a complaint, he is now estopped from asserting that the bond was valid. *Potter v. Adams*, 24 Mo. 159 ; *Bray's Adm'r v. Seligman*, 75 Mo. 31.

II.   Until a complaint is filed which states a cause of action, the court cannot acquire jurisdiction of the subject matter. Rorer on Judg. Sales, sects. 474, 481 ; *Gist v. Loring*, 60 Mo. 487 ; *Madkins v. Trice*, 65 Mo. 656 ; *Berry v. Kaufman*, 70 Mo. 187 ; *Fletcher v. Keytes*, 66 Mo. 285.

III.   As the bond was taken pursuant to void process it is void. *Rosen v. Fischel*, 44 Conn. 371 ; Freem. on Ex., sect., 264 ; *Buckingham v. Bailey*, 4 Smedes & Marshall (Miss.) 538 ; *Florence v. Goodin*, 5 B. Monroe (Ky.) 111,

IV.   The summary judgment entered against appellants (sureties) cannot be sustained, unless the bond was taken under circumstances which make it good as a statutory bond. *Wooldridge v. Quinn*, 49 Mo. 425 ;

*Roach v. Settles*, 19 Mo. 387 ; *Miller v. Wall*, 27 Mo. 440 ; *Austin v. Howard*, 7 Taunt. 327 ; *State. v. Frederick*, 8 Iowa 553.

JOHN A. CROSS, for the respondent.

I. The *affidavit* is defective from the omission that the property claimed had not been seized under any process, etc. ; and the circuit court, on appeal, has no power to permit it to be amended. *Madkin v. Trice*, 65 Mo. 656 ; *Gist v. Loring*, 60 Mo. 486.

II. When the plaintiff is non-suited he cannot avoid the assessment of the value of the property and damages for its detention, and judgment for the amount so assessed. *Smith v. Winston*, 10 Mo. 299 ; *Collins v. Hough*, 26 Mo. 149. Upon a non-suit defendant is entitled to the same judgment that he would have been entitled to upon a trial. *Smith v. Winston, supra ; Chadwick v. Miller*, 6 Iowa. The assessment of value and damages is imperative ; but may be made up by the court if neither party requires a jury. *Hohenthal v. Watson*, 28 Mo. 360; *Farley v. Bryant*, 34 Mo. 512.

III. Appellant cannot escape responsibility on the ground that the tribunal had no jurisdiction over the subject-matter in controversy. *State ex rel. Cantwell v. Stark*, 75 Mo. 566 ; *McDermott v. Isabell*, 4 Cal. 114.

IV. The assessment of the property and damages was a distinct proceeding, resting upon a special provision of the statute, which, to avoid a separate suit on the bond, allows the defendant to become a plaintiff in this summary way. *Singer Manf'g. Co. v. Senn*, 7 Mo. App.

ELLISON, J.—Plaintiff filed with the justice of the peace a statement in replevin, but so defective, in omitting to state that the property had not been seized under any process, execution or attachment, against the property of plaintiff, that it gave the justice no jurisdiction and he should not have issued process thereon. *Gist*

*v. Loring,* 60 Mo. 487; *Berry v. Kaufman,* 70 Mo. 187; *Madkins v. Trice,* 65 Mo. 656. The justice did, however, issue on the statement. J. W. DeGeer and John Renfrew were plaintiff's sureties on the replevin bond and are the appellants in this cause. The bond is as follows:

"Bond—We undertake and are bound to the defendant, John W. Tiffin, in the sum of one hundred and seventy dollars for the prosecution of the action in the above entitled cause ; for the return to the defendant Tiffin of the mare ordered to be delivered by the defendant to the plaintiff Frederick if return thereof be adjudged, and for the payment to him, the said defendant, of such sum as may, for any cause growing out of the order in the cause be recovered against the plaintiff and for the payment of all costs of suit. George S. Frederick (L. S.), J. W. DeGeer (L. S.), John Renfrew (L. S.)."

After trial before the justice, the cause was appealed to the circuit court, where defendant filed a motion to dismiss the cause, for the reason that the statement was imperfect and gave the justice no jurisdiction, and that he should not have issued process thereof. The court sustained this motion, dismissed the cause and proceeded to render judgment summarily against the securities, DeGeer and Renfrew, under section 2903, Revised Statutes.

The replevin bond is not in the form required by the statute, though we will not say it is so far deficient, in this respect, as not to be a good statutory bond, if it was founded upon the proper statutory proceeding authorizing it to be executed.

The original statement gave the justice no jurisdiction of the case, and for this reason the circuit court dismissed it. The justice having no jurisdiction over the subject matter, the process in the cause was void. The bond authorized by the statute, and on which summary judgment may be had against the sureties, is, of course, a bond given in proceeding legally conducted under the

statute and by its authority. We think there was no authority to enter the summary judgment under the statute against these appellants, and that their appeal is well taken.

We see no reason why they should not be held liable, however, in a direct action on the bond for the purpose. We consider the cause of *State v. Stark* (75 Mo. 566), a direct authority in support of such an action.

The judgment is reversed and the cause is remanded. The other judges concur.

## ON RE-HEARING.

ELLISON, J.—When this cause was considered by the court in the first instance, our attention was not called to the decision by the St. Louis court of appeals, in the case of *The Singer Manufacturing Company v. Senn et al.*, the syllabus of which is given in the Seventh Missouri Appeal. We have been furnished with a copy of the opinion in that case, and find the point made in this case does not appear to have been raised or considered in that.

The summary judgment seems to have been treated as valid, all 'round, and the cause went off, as best we can gather, on the question as to whether a motion to set aside an order of dismissal was filed in time, and that the objection that damages on the bond were not assessed by a jury, was not saved by a motion in arrest of a summary judgment against the sureties, or otherwise.

It does not appear that the question was considered by the court or counsel ; we do not regard the opinion as a precedent, further than the point considered and decided. As to this case, we reiterate that, as a summary judgment against the sureties is authorized by the statute, on a statutory proceeding, if such proceeding is void, so that the justice of the peace nor the circuit court on appeal have no jurisdiction over the subject matter, there can be no summary judgment rendered under the

statute.    The party is remitted to his ordinary action at law on the bond.

The motion is overruled.    All concur.