Dowdy v. Womble.

--------

JOHN L. DOWDY, Guardian of GEORGE R. HARRIS, et al. v. JOSEPH WOMBLE et al., Respondents.

St. Louis Court of Appeals, May 20, 1890.

1. Justices of the Peace: REPLEVIN: AMENDMENT. The omission to allege a jurisdictional fact in an action of replevin commenced before a justice of the peace cannot be rectified by amendment, under Revised Statutes, 1879, section 3060, in the circuit court on the appeal of the cause, but necessitates a dismissal of the suit.

*Held*, accordingly, that the plaintiff's omission to allege in the statement of his cause of action in such a suit, that the property sued for was detained by the defendant, cannot be cured by amendment under said section.

*Per Thompson, J., dissenting :*

2. ———— : ———— : ————. The amendment sought to be made in the case at bar ( the nature of which was to supply the omission above mentioned ) would not have changed the plaintiff's cause of action, and should, therefore, have been permitted; the omission to make a jurisdictional averment may be cured by amendment under said section 3060 in actions of replevin commenced before a justice of the peace equally as well as in other actions.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED (*and certified to the Supreme Court* ).

BIGGS, J.—This action of replevin originated before a justice of the peace, where the plaintiff recovered a judgment. The defendants appealed to the circuit court, and on their motion the cause was dismissed on account of the insufficiency of the statement. Before the defendants' motion to dismiss was passed on, the plaintiff asked leave to amend the statement, which the circuit court denied upon the ground that the statement failed to state a jurisdictional fact, and was, therefore, fatally defective. The plaintiff has appealed, and the correctness of this ruling is the only question for our consideration.

The statement failed to allege that the property was detained *by the defendant* at the county *of Stoddard*. The italicized words were omitted. It is conceded by the plaintiff that the statement is defective, and not in conformity with the requirements of sections 2882 and 2883 of the Revised Statutes of 1879. It is also conceded that the averment, that the property was " *detained by the defendant,*" was jurisdictional, but

it is argued that section 3060 of the Revised Statutes, 1879, authorized the amendment. This section reads as follows: "In all cases of appeal the bill of items of the account sued on, or filed as a counter-claim or set-off, or the statement of the plaintiff's cause of action, or of defendant's counter-claim or set-off, or other ground of defense, filed before the justice, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action, not embraced or intended to be included in the original account or statement, shall be added by such amendment." If the question presented were one of first impression we would be inclined to hold that section 3060 was intended to reach by amendment such defects and omissions as are found in plaintiff's statement. It would better comport with the policy of our law to rule that, in all cases originating before a justice of the peace, the circuit courts should disregard all defects and omissions in the statement of the cause of action, whether jurisdictional or not, where the averments are sufficient to clearly indicate the cause of action *intended* to be stated. But in actions of replevin the supreme court has held the law to be otherwise, and this, of itself, is a good and sufficient reason for this court to rule likewise. The supreme court in the case of *Gist v. Loring*, 60 Mo. 487, in discussing the right of amendment in replevin cases, said: "In ordinary cases before justices, we have uniformly upheld the power and duty of the circuit court to allow amendments where the cause of action before the justice is not substantially changed. But the statement filed with the justice in this case, under the first section of article 3, omits two of the six clauses expressly required to be verified by affidavit before an order could be issued to the constable for seizing and delivering the property. The amended petition filed in the circuit

court is, therefore, substantially a new action, and affords no justification for the exercise of the power confided to the justice upon special grounds carefully set forth in the act." This case was decided before the enactment of section 3060, but, under the view entertained by the supreme court of the nature of an action of replevin, this section could in no manner change the rule. The theory of the *Gist case* is that a justice of the peace, in an action of replevin, acquires no jurisdiction of the subject-matter of the action, unless all jurisdictional facts mentioned in section 2882 are set forth in the complaint, and verified by the plaintiff's affidavit or that of his agent. Therefore, the issue of process in such a case, based on a statement which does not contain the requisite jurisdictional averments, cannot be regarded as the erroneous exercise by the justice of a rightful jurisdiction, but the entire proceedings must fall to the ground for *want of jurisdiction.* It follows logically that, if the justice in the present action had no jurisdiction of the subject-matter, none could be acquired by the circuit court on appeal; hence the latter court could only dismiss the cause for want of jurisdiction. *Fletcher v. Keyte,* 66 Mo. 285; *Babb v. Bruere,* 23 Mo. App. 604. The doctrine of the case of *Gist v. Loring, supra,* has been expressly affirmed by the supreme court in the cases of *Madkins v. Trice,* 65 Mo. 656, and *Dollman v. Munson,* 90 Mo. 85, and it has been recognized as controlling authority in the cases of *Reigert v. Voelker,* 6 Mo. App. 53; *Crawshaw v. Wright,* 5 Mo. App. 577; *Frederick v. Tiffin,* 22 Mo. App. 443; *Fisher v. Davis,* 27 Mo. App. 321; *Crum v. Elliston,* 33 Mo. App. 591. In the cases of *Reigert v. Voelker,* and *Crawshaw v. Wright, supra,* the statements, as in the case at bar, failed to allege that the property was detained *by the defendant.* In each case the circuit court held the statement to be fatally defective and dismissed the action.

Dowdy v. Womble.

Under the foregoing authorities the circuit court could not do otherwise than dismiss plaintiff's action. We will, therefore, affirm its judgment. Judge ROMBAUER concurs; Judge THOMPSON being of opinion that this decision is in conflict with decisions of the supreme court, subsequent to the decision in the case of *Gist v. Loring, supra,* the case will be certified to the supreme court for final determination. So ordered.

THOMPSON, J. (*dissenting*)—In this case the question for decision is, whether the circuit court erred in refusing to allow the plaintiff to amend a statement in an action of replevin, commenced before a justice of the peace, which statement was defective in this: That, while it alleged that the chattels were wrongfully detained from the plaintiff, it omitted to allege that they were thus detained from him *by the defendant,* as required by the statute. The observation of Judge NAPTON in *Gist v. Loring,* 60 Mo. 487, 489, where the statement omitted *two* grounds prescribed by the statute, characterizing the amended petition as "substantially a new action," should be regarded as merely the reasoning of the judge who wrote the opinion of the court, and not as furnishing authority for the conclusion that the amendment of a statement before a justice, in replevin, so as to supply a defect such as was omitted in the statement before us, is an amendment changing the cause of action. The slightest attention to the subject is sufficient to make it appear that it is not so. The action, with the amendment as before, is an action to recover the same chattel. The relief which is sought under the amendment is precisely the same which is sought before the amendment. The same evidence must be adduced in order to entitle the plaintiff to relief after the amendment, as before. So far from the amendment introducing a new cause of action, the petition in this case is defective in a respect, in which it

would be cured by verdict under the rules of common-law procedure.

But the chief ground on which I rest my dissent from the conclusion of the majority of the court is that the Revised Statutes of 1879, section 3060, introduced a new rule on the subject of amendments in cases appealed from justices of the peace, under which it has been the constant and uniform practice of the supreme court and of this court to allow amendments of jurisdictional defects, which do not change the cause of action. That section is as follows: "In all cases of appeal the bill of items of the account sued on, or filed as a counter-claim or set-off, or the statement of the plaintiff's cause of action, or of defendant's counter-claim or set-off, or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action, not embraced or intended to be included in the original account or statement, shall be added by such amendment. Such amendment shall be allowed upon such terms as to costs as the court may deem just and proper." R. S. 1889, sec. 6347. Prior to the adoption of this statute, it was the rule that amendments could not be made in the circuit court in causes appealed from justices, for the purpose of supplying jurisdictional defects. On the contrary, the rule was, as it now is in the case where the record is removed by *certiorari*, to which this statute does not apply, that, unless the statement is so drawn as to show affirmatively that the justice of the peace had jurisdiction, the circuit court acquires no jurisdiction by the appeal, and the suit must be dismissed. *McQuoid v. Lamb*, 19 Mo. App. 153. An examination of the cases shows that the supreme court and this court have held that the statute extends to the amendment of jurisdictional defects in the statutory action before justices of the peace against railway companies for double damages for killing cattle, which have

got on their track at places where it is not fenced, as required by statute. *King v. Railroad*, 79 Mo. 328; *Schulte v. Railroad*, 76 Mo. 324; *Mitchell v. Railroad*, 82 Mo. 106; *Kitchen v. Railroad*, 82 Mo. 686; *Dryden v. Smith*, 79 Mo. 525; *Manz v. Railroad*, 87 Mo.' 278; *Minter v. Railroad*, 82 Mo. 128; *Rowland v. Railroad*, 73 Mo. 619 (on a cause of action arising prior to the statute). This court applied the same principle in the same class of actions in *Vaughn v. Railroad*, 17 Mo. App. 4, and in *Keltenbaugh v. Railroad*, 34 Mo. App. 147, 150. In *McKinney v. Harral*, 31 Mo. App. 41, we applied it in a case of forcible entry and detainer, citing *Vaughn v. Railroad*, *supra*, and *Mitchell v. Railroad*, *supra*. That decision came before the court on a second appeal, after the amendment thus permitted had been made, and the principle was reaffirmed by this court, as the law of the case. *McKinney v. Harral*, 36 Mo. App.' 337. In *Branahl v. Watson*, 11 Mo. App. 587 (s. c. on second appeal, 13 Mo. App. 596), we applied it so as to allow an amendment by a constable of his return to an attachment by garnishment, showing that he had levied upon the goods and chattels, rights and credits of the defendant, in the hands of the garnishee, without which statement the justice possessed no jurisdiction over the *res*, under the settled rule of the supreme court. In so holding we followed the earlier decisions of this court in *Keane v. Bartholow*, 4 Mo. App. 507, and *Brecht v. Corby*, 7 Mo. App. 300. Nearly all the foregoing decisions either distinctly state or recognize the fact that the statute has introduced a new rule upon this subject. For instance, prior to the adoption of the statute the supreme court decided the case of *Madkins v. Trice*, 65 Mo. 656, reaffirming and applying the rule in *Gist v. Loring*, 60 Mo. 487, upon which a majority of the court in the present case base their decision. Judge HOUGH wrote the opinion. The same judge wrote the opinion of the supreme court in the subsequent case of *King v. Railroad*, 79 Mo. 328, which was a statutory action,

commenced before a justice of the peace for double damages for killing domestic animals. of the plaintiff by the defendant, a railway company. Now, it had always been the settled rule that, under the statute authorizing such actions to be brought in justices' courts, the statements must show that the injury·complained of occurred in the township where the justice before whom the suit is instituted resides, and that this was a jurisdictional fact which must affirmatively appear from the statement, otherwise the justice would have no jurisdiction in the first instance, and the circuit court would acquire none by the appeal, and the suit must be dismissed. *Hansberger v. Railroad*, 43 Mo. 196, 200 ; *Haggard v. Railroad*, 63 Mo. 302. But in *King v. Railroad*, 79 Mo. 328, which arose subsequently to the act of 1879, and was governed by it, Judge HOUGH, who delivered the opinion of the court, held that the circuit court rightfully allowed this defect to be supplied by an amendment under the statute. The learned judge said : "It has repeatedly been held by this court that statements, like that filed with the justice in this case, could not be amended in the circuit court ; but those rulings were made in cases where the cause was tried by the circuit court before the Revised Statutes of 1879 took effect. By section 3060 of the Revised Statutes, it is provided that, on appeal from a judgment of a justice of the peace, the statement filed before the justice may be amended in the appellate court so as to supply any deficiency or omission therein, when, by such amendment, substantial justice will be promoted ; provided no cause of action not intended to be included in the original statement shall be added by such amendment. This section, which is a new one, authorizes the amendment made in this case." In *Mitchell v. Railroad*, 82 Mo. 106, the supreme court commission took the same view, and upon the same ground. The opinion delivered by Mr. Commissioner PHILIPS contains this

language, every word of which, in my opinion, is applicable to the case now before us: "This section was added by the legislature for a purpose. Its language is too plain to admit of much doubt that it meets a case like this, and authorized the amendment permitted by the appellate court below. The only defect in the statement filed with the justice was in not alleging that Sugar Creek township was an .adjoining township to Union township. This was certainly a ' deficiency or omission therein.' If so, by the express terms of said section the statement may be amended in appellate court to supply such deficiency or omission, when substantial justice would thereby be promoted. The only limitation upon this right of amendment imposed by said section is that no 'cause of action not embraced or intended to be included in the original statement shall be added.' The cause of action in this case remained precisely the same after the amendment as before. The averment added was merely of the additional fact that the justice before whom the action was brought was of the adjoining township. The amendment certainly tended to promote substantial justice. It took away no substantial right of the defendant, nor added any new burden to his proper defense. The proofs, as to the cause of action, the subject-matter of litigation, were the same, both as to the injury and the liability. Had the amendment not been made in the lower court, and the cause had been reversed on account of the omission in the original statement, under the views now entertained by this court of the scope and object of said section 3060, we would remand the cause with leave to plaintiff to so amend his statement."

The statute has, therefore, introduced a new rule applicable to all cases appealed from justices of the peace. We simply disobey the mandate of the statute when we attempt to revive the contrary rule in respect of actions of replevin, which was in force prior to this

enactment. It is highly important that the rules of procedure should be uniform, and that, in respect of the subject of amendments, we should not have one rule for attachments, for double-damage cases, and for ordinary actions commenced before justices of the peace, and another rule for actions of replevin. Against the obvious reading of the statute, and against the great mass of authority above cited, we have nothing but the isolated observation of Judge NAPTON in *Gist v. Loring*, 60 Mo. 487, to the effect that, where the statement in an action of replevin before a justice fails to allege that the property was detained by the defendant, and also fails to allege that it has not been seized under any process, execution or attachment, etc., an amendment in the circuit court supplying these allegations creates substantially a new cause of action. It is a settled limitation of the rule of *stare decisis* that it extends only to what the court *decides*, and not to the observations made by the judge who writes the opinion, not necessary to the decision of the case. It was wholly unnecessary to the decision of that case for Judge NAPTON to say that such an amendment introduced substantially a new cause of action, which was obviously not the fact. The true ground of that decision was that the statute, under which we now proceed, had not then been enacted, and that it was the settled practice to disallow amendments in appeals from justices of the peace intended to supply jurisdictional defects. But, it is said, we must now hold that an amendment supplying the words "by the defendant" operates to change the cause of action, because Judge NAPTON said so in that case. If we extract from particular cases the isolated observations of the judges, who have delivered the opinions of the supreme court, and hold ourselves bound to follow them, into what state of chaos, will our jurisprudence not drift? Scarcely a principle has been the subject of much discussion in

Dowdy v. Womble.

our reports, concerning which contrary and conflicting observations cannot be extracted from the language employed by judges in their opinions.

My view is that, since the enactment of the statute, there are but two limitations upon the power of amendment possessed by the circuit court in civil cases appealed from justices of the peace. One is, where *no statement* was filed before the justice, or where the statement which was filed is so radically defective as to mean nothing, so that it is equivalent to no statement. In either of these cases there could be no amendment in the circuit court, because there is nothing to amend. Any amendment would be tantamount to commencing the action in the first instance in the circuit court, because it would be tantamount to filing a statement there for the first time, none having existed before. In such a case it could not be told what, if any, cause of action was prosecuted before the justice, and it could not be told whether the statement filed in the circuit court was or was not the same cause of action which was prosecuted before the justice. The other limitation on the power of amendment is where a statement has been filed before the justice which shows that a certain cause of action was litigated there, and where it is sought to amend the statement in the circuit court so as to allow a different cause of action to be litigated there. To illustrate what I mean : If the cause of action litigated before the justice as shown by the statement was an action of replevin for a chattel, it could not be charged by amendment in the circuit court so as to make it merely an action on an account for the value of the hire or use of the chattel, while had or detained by the defendant. So, if the action, as shown by the statement before the justice, was brought to recover an indebtedness arising on a particular contract, it could not be so changed by amendment in the circuit court as to make it an action to recover another indebtedness

arising on another contract. But where the action seeks, both before as well as after the amendment, to recover the same specific chattel or chattels, and the statutory damages for their detention, it is too plain for any discussion that the amendment does not change the cause of action. The object of the suit remains the same, and the evidence necessary to support the plaintiff's contention must in both cases be substantially the same.

My conclusion is that the decision of the majority of the court is contrary to the rulings of the supreme court in the following cases, and that the cause should hence be certified to the supreme court for final determination. *Rowland v. Railroad,* 73 Mo. 619; *Schulte v. Railroad,* 76 Mo. 324; *King v. Railroad,* 79 Mo. 328; *Dryden v. Smith,* 79 Mo. 525; *Mitchell v. Railroad,* 82 Mo. 106; *Minter v. Railroad,* 82 Mo. 128; *Kitchen v. Railroad,* 82 Mo. 686; *Manz v. Railroad,* 87 Mo. 278.