JESSE RIDDLESBARGER *et al.*, Appellants, *v.* THOMPSON MC-
DANIEL *et al.*, Respondents.

1. *Practice—New Trial—Excep'ions.*—Where a motion for a new trial filed in a cause is continued by the court, the bill of exceptions may be made out and signed during the term at which the motion is determined.

2. *Injunction — Damages — Legal Tender.*—In assessing the damages, upon the dissolution of an injunction restraining the sale upon a deed of trust given to secure the payment of a debt, the court cannot allow as damages the difference in value between United States treasury notes at the time of the granting and dissolution of the injunction, as estimated by the value of gold coin in the market. In payment of debts between individuals, treasury notes and gold coin are to be considered as of equal value as a legal tender.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead*, for appellants.

I. The appellants insist that this act of Congress was constitutional and valid; but as that question is not raised, or involved in this cause, we neither cite authorities, nor make an argument in regard to it. For,

II. If the act of Congress, making treasury notes money and a legal tender, was within the constitutional power of

Congress, then treasury notes stood upon the legal ground of gold and silver, and at the last sale under the trust deed, either gold or treasury notes (whichever was offered) should have been taken from the purchaser, and was so much lawful money—Henderson v. McPike, 35 Mo. 255; and respondents received no damage.

III. If the act of Congress referred to was not within the constitutional power of Congress, then nothing but gold and silver was lawful money or a legal tender for debts; respondents were not bound to receive any other money than gold and silver, and if they did so, it was their own act, for which they cannot complain.

*Hill & Jewett,* for respondents.

Upon the motion to dismiss the appeal because the bill of exceptions was not taken and allowed at the same term the judgment was entered, we refer to Hassinger v. Tye, 10 Mo. 156; Diepenbrock v. Shaw, 2 Mo. 122; Sutter v. Street, 21 Mo. 157; State v. O'Blennis, 21 Mo. 272; Farrar v. Finney, 21 Mo. 569; Wilcoxson v. McBride, 23 Mo. 404; Ellis v. Andrews, 25 Mo. 327; R. C. 1855, p. 1264, § 28.

Upon the point of the correctness of the ruling of the court, in allowing the difference as damages between the value of gold, the only legal tender at the time of the injunction, and its value at the dissolution, (or sale, immediately following it,) over and above United States legal tender notes, in which the defendants were compelled to take their pay, we refer to Kennedy's Adm'x v. Hammond & Hall, 16 Mo. 351-2 et seq.; City & Co. of St. Louis v. Alexander, 23 Mo. 522 et seq.; R. C. 1855, p. 1249, §§ 11, 13.

WAGNER, Judge, delivered the opinion of the court.

The respondent in this case moves to dismiss the appeal and strike out the bill of exceptions, because the same was not made and signed at the term in which the judgment was rendered. It appears that damages were assessed by the

court below upon the dissolution of an injunction; and that the appellants, at the same term, and within the time prescribed by law, filed their motion for a new trial, which motion was by the court continued till the next term. At the next term, the motion was considered by the court and overruled. The appellants excepted, and filed their bill of exceptions, and appealed to this court. It is contended that as the bill of exceptions was not made and signed during the term at which the judgment was rendered, that therefore it was filed without authority of law, and is a mere nullity, and should be stricken out.

The statute provides that "exceptions may be written and filed at the time or during the term of the court at which they were taken, and not after"; and that "all exceptions taken during the trial of a cause or issue before the same jury, shall be embraced in the same bill of exceptions" —R. C. 1855, p. 1264, § 28. It has been the uniform practice in this State, that a bill of exceptions could not be filed after the term had expired at which the judgment was rendered, except by consent of parties, duly entered of record. But here the question is, whether a motion for a new trial can, at the instance of the court, be continued from the term at which the verdict was rendered until the next succeeding term, and have the effect of carrying with it the cause, so that upon a final determination of the motion exceptions may be preserved by the party. The statute intends that the exceptions shall be written out and filed during the term, while the cause rests in the breast of the court. But where a motion for a new trial is made at the close of the term, there may be good reasons for continuing it until the next succeeding term for final hearing. And until a final hearing and disposition of the motion, the whole matter would unquestionably rest in the breast of the court, and it would be competent for it, in its discretion for good cause, to sustain the motion and award a new trial. Until this result is reached, it cannot be said that the cause is finally de-

termined. And as the statute requires all exceptions to be embraced in the same bill, it will be correct if filed at the term when the matter is disposed of.

In assessing damages on the dissolution of the injunction, the court permitted testimony to be introduced showing that on the 27th day of December, 1860, the time the injunction was granted, gold was at a premium of from two to three per cent. over Missouri bank paper, and that on the 23d day of January, 1863, when the injunction was dissolved, it was at a premium of forty-seven to forty-eight per cent. over United States legal tender treasury notes. The court assessed. the damages at the difference which existed between gold and United States legal tender treasury notes, and this is assigned for error.

The subject matter here enjoined was a sale under a deed of trust, and in this respect comes within the decisions in the cases of Kennedy's Adm'x v. Hammond, 16 Mo. 34, and St. Louis v. Alexander, 23 Mo. 483. In both these cases, it was held by this court that an injunction to restrain the proceedings of a trustee to sell property, under a deed of trust, was not to be considered such an injunction upon money as to authorize the assessment of damages by the rule of per cent. laid down in the statute alone—R. C. 1855, p. 1249, § 13. In the last case, in speaking of the proper rule of assessment, where the trustee had been enjoined from selling the property, the court said: "In all such cases, the court, or jury, should determine the amount of injury, by evidence before it, or them, as to the damages sustained, the probable amount that would have been realized, the value of money at the time, and other circumstances tending to show the damages sustained by the creditor in consequence of such injunction." What is meant by the phrase " value of money at the time," is not very apparent. Certain it is, however, the circumstances of this case were not in the contemplation of the mind of the judge when it was written. If the party has been injured in consequence of the injunction, he is entitled to whatever

damages he has sustained. Destruction of the premises, or their deterioration, expenses attendant on litigation, loss of debts through the insolvency of debtors, where the collection is hindered or restrained by virtue of the injunction, and all matters where the party has suffered loss or injury, may be taken into the account in assessing damages. We shall enter into no labored argument to show that the act of Congress, passed February 25, 1862, (Ch. 33,) making treasury notes of the United States a legal tender in payment of debts between private persons, is constitutional. We shall assume such to be the fact. The powerful opinion of Judge Daviess, in the New York Court of Appeals, in the case of The Metropolitan Bank v. Van Dyck, 27 N. Y. 400, seems to exhaust the whole question, and appears to be unanswerable. If, then, the act of Congress is constitutional, and treasury notes are valid legal tenders, they are standards of value, and, in contemplation of law, equal to gold. The rule adopted by the court, in assessing damages, instituted a comparison between them, and placed gold forty-seven or forty-eight per cent. above treasury notes, when the law declares they shall be equal. We are unable to perceive on what principle evidence was admissible showing the relative value between gold and Missouri bank notes; we see no issue made in the case rendering such evidence relevant. The respondent should recover whatever damages or losses he has sustained by reason of the injunction, and when those damages or losses are ascertained, they may be discharged by the payment of legal tender notes, with the same effect as if paid in gold. Injury may have resulted, but if so, it is *damnum absque injuria.*

The judgment is reversed, and cause remanded. Judge Holmes concurs; Judge Lovelace absent.

Motion for a re-hearing overruled.