W. TAYLOR, Respondent, v. A. J. Fox, Appellant.

February 10, 1885.

1. CONTRACTS. — EVIDENCE. — A written proposition from one person is not admissible to prove a contract unless it has been accepted by the other person

2. —— ESTOPPEL. — A person who is *sui juris* will not, in the absence of a fraud, be permitted to avoid his written obligation by showing that he did not read it nor hear it read.

3. —— A written contract which embraces all the items of a proposition and adds others, merges the proposition in the contract.

4. —— PRACTICE. — The written contract being undisputed, and there being no evidence of any other contract except the evidence of the prior proposition, it is error to submit to the jury the question whether there was more than one contract.

5. —— NEW TRIAL. — A new trial should be granted by the trial court where the verdict is manifestly against the weight and the entire current of the testimony.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Reversed and remanded.*
T. A. RUSSELL, for the appellant.
WALKER & WALKER, for the respondent.

THOMPSON, J., delivered the opinion of the court.
This was an action on an account commenced before a justice of the peace. In the circuit court the cause was

tried by a jury, and the plaintiff had a verdict and judgment for $123.33.

1. The first point made by the defendant is that the circuit court erred in allowing the plaintiff to file an amended statement of his cause of action, and in not dismissing the suit on the defendant's motion, because of the insufficiency of the original statement. No exception was saved to this ruling, and therefore it can not be considered. By neglecting to save an exception to this ruling, the defendant put himself in the position of going voluntarily to trial on the statement as amended, and of waiving his objection to the original statement.

2. The next objection of the defendant is that the court erred in admitting in evidence the written bid submitted by the plaintiff to the defendant on November 1, 1879, for the doing of the work for which the action is brought. This objection is predicated upon the theory that this bid was not the contract under which the work was done; but that it was done under a contract signed by the defendant five or six days later, to wit, on the 5th of November, 1879. At the time this paper was admitted in evidence, it had not been shown that the proposition which it contained had been accepted by the defendant. Until this was shown, it did not appear that it constituted any part of the contract between the plaintiff and the defendant. Although the plaintiff testified that this bid was his contract, that testimony did not tend to show that it was the defendant's contract. It therefore stood as a mere proposition. But though it may have been irregular to admit it in evidence at the time when it was offered without something to indicate that it was to be followed up by evidence of acceptance; yet this irregularity seems to have been cured by what was brought out in a subsequent stage of the plaintiff's testimony, where he stated that this bid was accepted, and that he immediately went to work under it, and did the work under it.

3. The work for which the action was brought was the building of a furnace in a photograph gallery, built, owned, and used by the defendant. It appeared, without dispute, that five days after the plaintiff had submitted to the defendant the bid in writing above referred to, the defendant's architect called upon the plaintiff at his shop, and submitted to him a formal contract for his signature, covering all that was agreed to by the plaintiff in his bid, but containing some further provisions in the defendant's favor; that this contract was read over to the plaintiff; that the terms of it were talked over between the defendant's architect and the plaintiff, and were understood by the plaintiff, and that the plaintiff thereupon took up a pen and wrote at the end of the contract the words, "I accept the above," and signed his name thereto. The plaintiff in his testimony states no fact tending to show that this paper did not embody the final agreement of the parties, unless the following statements made by him have such a tendency: "The paper of November 5, was brought to me by the architect. I did not read it. The architect may have read it to me, but there were other persons in my office, and if he did I did not hear it. I signed the contract without reading it."

This testimony, it will be perceived, has no tendency to negative the plain inference which arises from the fact that the plaintiff wrote upon the paper the words above stated, and signed his name to it; that this paper became his final agreement in the premises. It does not show, or tend to show, that he did not understand its contents from previous conversation, or that he made a mistake in signing it. If he had made such a mistake, it would not have made it the less his contract, unless the mistake was the mistake of both parties. A person who is *sui juris* can not deliberately sign a contract in writing, and then, in the absence of evidence creating any inference of fraud or imposition, be heard to say that such instrument is not his agreement. This paper was, then, undoubtedly the plaintiff's agreement;

and, being such, it had the legal effect of merging the prior proposition of which his bid consisted. Now the court refused the following instruction offered by the defendant : " The jury are instructed that the plaintiff's cause of action grows out of and is based upon the contract in evidence of November 5, 1879. And to entitle the plaintiff to recover, he must prove to your satisfaction that he has complied with the terms of said contract. If, therefore, you find from the evidence that the furnace in question did not heat the gallery of defendant to his satisfaction in the very coldest weather, your verdict must be for defendant." And in lieu thereof, the court gave the following, which, it will be perceived, is the same as the instruction refused, with certain words interlined, which are shown by the brackets : " The jury are instructed that the plaintiff's cause of action grows out of and is based upon the contract in evidence of November 5, 1879 [if the jury believe that this was the only agreement entered into between plaintiff and defendant]. And to entitle the plaintiff to recover, he must prove to your satisfaction that he has complied with the terms of said contract. If, therefore, you find from the evidence that the furnace in question did not heat the gallery of defendant to his satisfaction in the very coldest weather, your verdict must be for defendant."

This instruction, it will be perceived, left it to the jury to say whether the paper of November 5, 1879, was the only contract between the parties. We think, for the reasons above stated, that there was no substantial ground afforded by the evidence upon which the court could submit such a question to the jury. A court should not submit to a jury a question about which fair-minded men could not possibly differ in opinion, because one of the parties unreasonably disputes it. This instruction, we think, had a tendency to mislead the jury.

4. This brings us to the fourth observation which we feel bound to make upon this record, in view of the assignment

cf error that there was no legal evidence to support the verdict of the jury. By the instrument of November 5, 1879, the plaintiff agreed that the furnace should heat the defendant's photograph gallery in every respect to his entire satisfaction. The evidence is overwhelming to the effect that it not only failed to heat the gallery to the defendant's satisfaction, but that it failed to heat it sufficiently in cold weather, notwithstanding every effort was made to induce it to do so, and that it finally had to be taken out and another one put in its place. But as the bill of exceptions recites that the plaintiff introduced evidence tending to show "that the furnace heated the premises of defendant in a proper manner according to the terms of the contract," we should not be able, upon this record, to reverse the judgment upon this ground. But the verdict is so plainly against almost the entire current of evidence, that I take the liberty to say that, in my judgment, this was a case where justice had so plainly miscarried at the hands of the jury, that the trial court, in a proper exercise of discretion, should have set the verdict aside, on that ground alone.

For the error of submitting to the jury the question whether or no the contract of November 5, 1879, was the only contract between the parties touching the subject-matter of the suit, the judgment is reversed and the cause remanded. All the judges concur.