GEORGE F. WADDLE, Appellant, v. JAMES M. McWIL-
LIAMS, Administrator, etc., Respondent.

**Kansas City Court of Appeals, March 22, 1886.**

HUSBAND AND WIFE—WITNESSES—CONSTRUCTION OF STATUTE.—By the
common law, neither husband nor wife could testify for or against
the other in a cause, in which either, or both, were parties. The
statute of this state (sect. 4014, Rev. Stat.) relieves the wife,
in certain instances named, of this disability, but provides that it
shall not be construed to permit a married woman, while the rela-
tion exists, or subsequently, to testify to any admission or conver-
sation of her husband. This statute has been construed to exclude
what was said by another in conversation with the husband, as well
as to exclude what was done by that other in connection with the
conversation, which might be explained by the conversation.
*Holman v. Bachus*, 73 Mo. 49.

APPEAL from DeKalb Circuit Court, HON. THOMAS
E. TURNEY, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

RAMEY & BROWN, for the appellant.

I.   Mrs. Fowler was not competent to testify to any
portion of the conversation between McWilliams and her
husband. *Holman v. Bachus*, 73 Mo. 49.

CASTEEL & HAYNES, for the respondent.

I.   Granting that the testimony of Mrs. Fowler was im-
properly admitted, yet, if it was not a prejudicial error
against appellant, it should not work a reversal of the
case. *Anderson v. Schockler*, 82 Mo. 250; *Garesche v.
College*, 76 Mo. 332; *Carpenter v. Rynders*, 52 Mo. 278.

II.   The evidence of Mrs. Fowler, even if competent,
in no way tends to prove a settlement of the land tran-

saction. No defence of any payment subsequent to the making of the deed was made, nor was there any instruction asked or given to the jury embodying that defence. So that Mrs. Fowler's testimony had no bearing on the case whatever, and that being true, the judgment should be affirmed.

ELLISON, J.—This cause originated in the probate court of Dekalb county, and was appealed to the circuit court of that county. The statement set forth in substance that on December 15, 1879, appellant by one William McWilliams, his attorney in fact, sold and conveyed to respondent's intestate, about one hundred and eighty acres of land, which is fully described, for which Fowler agreed to pay eighteen hundred and fifty dollars. That he paid $1,260.50, and agreed to execute his note for the remainder, payable June 1, 1880, but died without having done so, and without having paid any part of the sum so remaining due, and asks that said amount be allowed him against Fowler's estate.

The plaintiff introduced evidence tending to prove the issues on his part. The defendant introduced the deed from plaintiff to Edward Fowler which contained an acknowledgement of the receipt of the purchase money. Defendant, then, against the objection of plaintiff, was permitted to ask Mrs. Fowler, widow of the deceased, if she ever heard a conversation between her late husband and William McWilliams (who was plaintiff's attorney in fact and who sold the land for plaintiff) with reference to the payment for the land purchased by her husband. And as to what was said to her husband by McWilliams. She answered that, "my husband and Mr. McWilliams came in our house together. My husband asked for paper. I got some paper for him. Mr. McWilliams wrote something on the paper and shoved it towards my husband and said that makes us all square."

It was error for the court below to admit this

evidence.   By the common law parties interested in the event of a suit were not competent witnesses therein. Neither could the husband or wife testify for or against each other in a cause in which either or both were parties.   The statute of this state, section 4014, relieves the wife, in certain instances named, of this disability, but provides that it shall not be construed to permit a married woman while the relations exist, or subsequently, to testify to any admission or conversation of her husband. This statute was construed in *Holman v. Bachus* (73 Mo. 49), to exclude what was said by another in conversation with the husband, as well as to exclude what was done by that other in connection with the conversation, which might be explained by the conversation.

I consider that case as directly controlling this.

I think it was such error as justifies a reversal of the cause.   The issue was whether the balance of the purchase money had been paid.   The evidence was introduced against plaintiff's protest and exception.   It tended to establish defendant's case.   Defendant has prevailed in the verdict and cannot now justly say the evidence did not affect the result. *Smith v. Ry. Co.*, 19 Mo. App. 120.

The judgment is reversed and the cause remanded. Philips, P. J., concurs ; Hall, J., absent.