JAKE ROTHSCHILD, Respondent, v. I. FRENSDORF, Appellant.

St. Louis Court of Appeals, March 23, 1886.

1. INSTRUCTIONS—ISSUES NOT MADE.—It is error to submit to the jury issues not made by the pleadings.

2. —— Instructions which assume the truth of controverted facts are erroneous.

3. CONTRACTS—DENIAL.—A person who is *sui juris* can not, in the absence of fraud, deny his written obligation by showing that when he signed it he had not read it.

4. —— FRAUD.—A contract binds a party, unless he was induced to sign it by the fraudulent representations of the other party thereto.

5. —— PLEADING.—A denial, not under oath, of the execution of a writing, and an allegation that it was imposed on the plaintiff by fraud, does not raise an issue upon the question whether the plaintiff executed the writing set up in an answer as the foundation of a counter-claim.

APPEAL from the Greene County Circuit Court, W. F. GEIGER, Judge.

*Reversed and remanded.*

GOODE & CRAVENS, for the appellant: The instrument did not show on its face whether it was part of the contract of dissolution, or subsequent to that contract. *Benson v. Peebles*, 5 Mo. 132. Parol evidence is admissible in explanation of a written contract to show the situation of the parties, the object in view, and the consideration, but not to contradict or control the same. *Lubke v. Knapp*, 79 Mo. 26; *Baldwin v. Carter*, 17 Conn. 20; *Wilson v. Sroup*, 2 Cowen 195; *Brown v. Slater*, 16 Conn. 192. An answer must deny every allegation of the petition. Replies are governed by same rules

as answers.    Rev. Stat., sects. 3521–3526.    "The court can not, by its instructions, change the issues presented by the pleadings."    *Moffatt v. Conklin*, 35 Mo. 453. Facts not controverted in a previous pleading are to be taken as true in favor of the party pleading them, not as a matter to be submitted to and found by the jury. *Bartholow v. Campbell*, 56 Mo. 117 ; *Butcher v. Death*, 15 Mo. 271 ; *Steil v. Ackli*, 15 Mo. 289.    "Whenever a defendant intends to rest his defence upon any fact which is not included in the allegations necessary for the support of the plaintiff's case, he must set it out." *Northrup v. Insurance Co.*, 47 Mo. 435 ; *Kersey v. Garton*, 77 Mo. 645.    Courts should not instruct juries to take for granted facts in issue.    *Chouquette v. Barada*, 28 Mo. 491.    The amended replication which the plaintiff filed at the close of the testimony, and in which, for the first time, he maintained fraud and misrepresentations, was not verified.    Hence the execution was never denied. *Muller v. Insurance Co.*, 45 Mo. 84.

MASSEY & MCAFEE, for the respondent :    In the case of *Henslee v. Cannefax* (49 Mo. 295), the allegations of new matter set up by the answer were not contradicted by replication, and the court below called attention to it by instructing the jury that such matters stood confessed, and must be taken by them as true.    It appeared, as in this case, that testimony was introduced and witnesses examined on the very matters not denied by replication, and no replication was ever offered by the plaintiff, even after attention was called to it by the instructions of the court.    The supreme court reversed the judgment, holding that under the circumstances no filing of replication was required.    And this case has been affirmed, frequently, since.    See *Howell v. Reynolds County*, 51 Mo. 154 ; *Insurance Co. v. Harlan*, 72 Mo. 203 ; *Maulkin v. Malcomb*, 78 Mo. 551 ; *Young v. Glasscock*, 79 Mo. 580 ; *Heath v. Gaston*, 80 Mo. 313.

THOMPSON, J., delivered the opinion of the court.

It is important in this case to consider what the issues which were tried really were.

The petition stated in substance that the plaintiff and the defendant were partners ; that upon the dissolution of their co-partnership there was an indebtedness of eight hundred dollars due the firm by one Bowe ; that it was agreed between the plaintiff and the defendant that the defendant should collect this debt and pay one-half of it to the plaintiff ; that the defendant has collected this debt and refuses to pay one-half of it to the plaintiff ; wherefore the plaintiff sues.

The answer contains three defences.  The first defence admits the facts stated in the petition except the allegation that the defendant has collected the whole sum of eight hundred dollars of Bowe, but admits that he has collected of Bowe the sum of six hundred and twenty-nine dollars.  The second defence sets up a written agreement between the plaintiff and the defendant, to the effect that the plaintiff was to pay the defendant one-half of any debts due to the firm which should turn out to be worthless, provided the defendant should be allowed to exercise his discretion about bringing suits on them ; alleges that of such debts the sum of $338.75 proved to be worthless, and demanded judgment against the plaintiff by way of counter-claim for one-half of this sum, namely $169.38.  The third defence sets up as a counter-claim that the plaintiff is indebted to the defendant in the sum of $350.00, money borrowed of the plaintiff at various times, and demands judgment for this amount.

The reply upon which the case was tried did not contain a general denial of the matter set up in the answer. It denied the making by the plaintiff of the written agreement set up in the second defence in the answer, but as it was not sworn to as required by section 3653, Revised Statutes, and as it did not deny the allegations

of that defence, as to the amount of debts due the late firm, which the defendant had been unable to collect, by reason of their being worthless, the whole of the second count of the answer stood admitted. The third defence in the answer was fully traversed by the reply.

It thus appears that it stood admitted by the pleadings that the plaintiff was entitled to recover of the defendant one-half of $629.00, or $314.50, and no more; that, as against this recovery, the defendant was entitled to an off-set in the sum of $169.83; and that the only issue for trial was, whether the plaintiff was entitled to recover of the defendant one-half of any amount exceeding six hundred and twenty-nine dollars, and not exceeding eight hundred dollars, which the defendant had collected from Bowe; and whether the defendant was entitled to an off-set, or recovery, against the plaintiff, according to the amount proved, in a sum not exceeding three hundred and fifty dollars for the money loaned.

Instead of confining the trial to the issues made by the pleadings, the case seems to have been tried as though all the allegations in the pleadings on both sides required proof. The plaintiff assumed the burden of proof, and gave evidence tending to support his petition. He also put in evidence the written contract set up in the second defence in the answer, the making of which stood admitted by the pleadings, and then, in rebuttal, denied that that was the agreement between him and the defendant, and was permitted, against the objection of the defendant, to give evidence to the effect that the agreement had been imposed upon him by the fraud of the defendant.

After the evidence was all heard, the court, against the objection of the defendant, permitted the plaintiff to file an amended replication, denying the execution of the written agreement set up in the second defence in the answer (which, as already stated, the plaintiff had himself put in evidence as a part of his evidence in chief), and alleging that he had been induced to sign the same

through the fraud of the defendant. This amended replication was not sworn to, and, therefore, under the terms of section 3653, Revised Statutes, the written agreement still stood admitted. Notwithstanding the fact that the making of this agreement stood admitted by the pleadings, the court, in its instructions, submitted that question to the jury. It is error to submit to the jury an issue not made by the pleadings. *Moffatt v. Conklin*, 35 Mo. 453.

The court, at the request of the plaintiff, gave the following instruction: "The defendant has returned $859.05, of accounts, among which there [were] $520.30 that plaintiff did not agree to be responsible for, and in order for defendant to have allowed him the $338.75 set-off in his answer, he must show by a preponderance of the evidence that the whole eight hundred and fifty-nine dollars are now worthless and can not be collected, and before he can have anything allowed on said accounts he must show by a preponderance of the evidence that more than five hundred dollars are now worthless and can not be collected, and then he can have allowed only such sums above five hundred dollars that you may find from such evidence are now worthless and not collectable." This instruction was erroneous in that it was argumentative and involved comments upon the evidence. It assumed a contested fact as true, and, what is worse, instructed the jury to pass upon issues which were uncontested, being admitted even under the amended replication. The amended replication undertook to deny the existence of the agreement whereby the plaintiff had bound himself to pay to the defendant one-half of the uncollectable accounts of the firm. But it did not deny the allegation of the second defence in the answer as to the amount of such accounts as had proved uncollectable, and there was, consequently, no issue on that point to submit to the jury.

The court, of its own motion, gave the following instruction to the jury: "Unless the jury believe from the evidence that the plaintiff was induced to sign the

contract which is signed by him only, by the fraudulent representation of defendant, it is binding on him as his agreement."

The court refused the following instruction, on the same point, offered by the defendant: "Unless the jury believe from the evidence that the plaintiff was induced to sign the contract which is signed by him only, by the fraudulent representation of the defendant, it is binding on him as his agreement, whether he knew its contents or not."

It is perceived that the instruction which the court gave is the same as that which the defendant requested, with the exception that the clause "whether he knew its contents or not," was stricken out. If there had been any issue upon the matter set up in the second paragraph of the answer, this, under the evidence, would have been a proper qualification. The plaintiff had given evidence to the effect that the instrument was not read over to him, and that he did not know its contents when he signed it. This, if true, would have no other tendency than to show, in connection with other circumstances, that he had been deceived into signing a paper which did not express the real agreement; for a person who is *sui juris* will not, in the absence of fraud, be permitted to avoid his written obligation by showing that he did not read it or hear it read. *Taylor v. Fox*, 16 Mo. App. 527. If there had been any issue on the question whether he had executed the instrument or not, or whether it had been imposed on him by fraud, the fact that he did not read it when he signed it, but signed it on the representation of the other party, would have been a relevant circumstance on the question of fraud. But, having signed it, unless his signature was procured by the fraud of the other party, it was his contract, whether he read it or heard it read, before signing it, or not.

The judgment will have to be reversed and the cause remanded. It is so ordered. All the judges concur.