JOHN P. TREICE, Appellant, v. H. N. HOLLADAY *et al.*, Respondents.

**St. Louis Court of Appeals, April 15, 1890.**

Practice, Appellate: BILL OF EXCEPTIONS. The ruling of a trial court in dismissing a cause upon motion of the appellee cannot be reviewed on appeal, if the motion, though copied into the transcript, is not preserved by the bill of exceptions.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*William N. Nalle*, for the appellant.

*S. M. Chapman*, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This cause was commenced before a justice of the peace, and was appealed to the circuit court, where the plaintiff was allowed to file a "supplied account" in place of the original, which had been lost. There were then two trials, in both of which the juries failed to agree. Thereafter the court sustained a motion of the defendant to dismiss the cause. The entry of record, sustaining the motion and dismissing the cause, does not show on what ground the dismissal was predicated.

There is no bill of exceptions. What purports to be the motion, which the court sustained in dismissing the cause, is copied by the clerk into the transcript; but, in pursuance of a well-settled and oft-repeated rule, we cannot look to this motion for any purpose whatever; we cannot judicially know its contents, because it is not brought to our attention by a bill of exceptions. Our

last decision on this point is *Monroe City Bank v. Finks, ante,* p. 367, in which we again went over the authorities for the instruction of those members of the bar who seem not to have learned the rule.

We are, therefore, called upon by this appeal to say, upon an inspection of the record proper, whether the court erred in dismissing the suit. We cannot say that it did. Many reasons exist why a suit may be dismissed without error, and, unless it is made to appear in an appellate court that a dismissal was made for a reason insufficient in law, the judgment of dismissal cannot be reversed. Judgment affirmed. All the judges concur.