LYDIA T. HERNDON, Respondent, v. THE TRIPLE ALLIANCE, Appellant.

Kansas City Court of Appeals, May 11, 1891.

1. **Witnesses:** COMPETENCY OF WIFE AFTER HUSBAND'S DEATH. In an action by the surviving wife on a policy of life insurance on the life of the deceased husband, she is incompetent to testify to the acts of the husband in making the application, or to his declarations, or want of declarations, while so doing.

2. **Benefit Societies:** PLEADING: PETITION ON POLICY OF INSURANCE: REMEDY. In a petition on a certificate of insurance issued by a mutual-benefit society, it is sufficient to allege that defendant had refused to make the assessment which it had agreed to make, and, if such assessment had been made, defendant would have realized the agreed amount. The remedy is at law, and not in equity, for a specific performance.

3. ———: APPLICATION: IGNORANCE: DECEIT. In the absence of fraud, deceit or misrepresentation, the assured cannot be protected by the claims of ignorance of the contents of the application. It was his duty to inform himself of its contents before signing.

4. ———: ———: INSURER'S KNOWLEDGE. If the insurer or its agent had knowledge of the true state of the matter involved in the application from any source, at the time when the contract was entered into, the policy will not be thereby avoided.

5. ———: EVIDENCE: CONSTITUTION AND BY-LAWS: CANCELLATION OF POLICY. The constitution and by-laws of a benefit society are competent evidence to show the authority of its secretary to cancel certificates.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*W. W. Fry,* for appellant.

(1) Defendant's demurrer to the petition should have been sustained. If defendant refused to make the assessment agreed to, plaintiff's remedy was in equity to enforce specific performance. *Rainsbarger v. Ins. Co.,* 33 N. W. Rep. (Iowa) 626; *Benefit Ass'n v. Sears,* 114 Ill. 108. Again, the petition does not state a cause of action. The petition fails to aver that defendant was solvent; that he had refused to make the assessments, and if such assessment had been made defendant would have realized the amount of the certificates. *Taylor v. Tem. Union,* 94 Mo. 35. (2) The plaintiff, who was the wife of the deceased, was an incompetent witness for any purpose, not only as to his conversation with Davis, but to any act or circumstance connected therewith. A married woman is not permitted, "while the relation exists, or subsequently, to testify to any admissions or conversations of her husband, whether to herself or to third parties." R. S., sec. 8922. "To testify to the act which the conversation might explain, and attach a significance to it, very different from its import without explanation," would work a gross injustice. *Holmes v. Bachus,* 73 Mo. 51; *Waddle v. McWilliams,* 21 Mo. App. 298. (3) Plaintiff's second instruction was not predicated on the evidence in the case. The court directed the jury, that, if Bonfils had no authority to cancel the certificates, then the fact that he undertook to do so was no defense. Bonfils was plaintiff's witness, and testified that he had authority, and there was nothing to the contrary. The direct attack by the court on that evidence by this instruction was damaging to defendant. *Brownfield v. Ins. Co.,* 26

Mo. App. 390 ; *Crews v. Lackland*, 67 Mo. 619 ; *Bank v. Murdock*, 62 Mo. 70 ; *Hoeffner v. Grand Lodge*, 41 Mo. App. 359. (4) Plaintiff's third instruction directs the jury that if the applications of deceased were made "without any intention on his part to misrepresent," then it was of no effect if the applications were misleading. It was not a question of intention, but fact, whether he misled defendant. Plaintiff's fourth instruction is subject to the same objection, and is based on a partial view of the issues and proof. Said instructions impute bad faith when not warranted by the evidence. *Beauchamp v. Higgins*, 20 Mo. App. 514. These instructions defeated any question as to the diligence of deceased in making the applications. It was his duty to know their contents. *Palmer v. Ins Co.*, 31 Mo. App. 467; *Robinson v. Jarvis*, 25 Mo. App. 421 ; *Forse v. Sup. Council*, 41 Mo. App. 106.

*McDougal & Robinson* and *J. H. Cupp*, for respondent.

(1) The petition was good. It contained a plain and concise statement of the facts constituting plaintiff's cause of action and of the relief demanded. R. S. 1879, sec. 3581. (2) The action at law was proper. This is clearly settled by our supreme court in the case of *Taylor v. Temp. Union*, 94 Mo. 35. (3) The plaintiff did not testify to any conversations or admissions of her husband, nor did she testify to any act of her husband connected with any conversation or admission. She said Dr. Davis copied the application for divisions 2 and 3 from the application for division 1 while her husband was at the barn feeding the stock, and that when her husband returned he signed the application without it being read to him, and that he was an illiterate man and could not read himself. This testimony was not in violation of the statute nor of any rule announced by this court or the supreme court.

GILL, J.—The plaintiff, widow of Geo. W. Herndon, deceased, sued the defendant on account of three several certificates or policies of insurance made for her benefit and on application of her husband. The answer set up three defenses : *First.* Misrepresentations in the applications for insurance. *Second.* Failure to pay assessments and dues. *Third.* That the certificates were canceled prior to Herndon's death. The reply denied these and set up that the answers to the interrogatories contained in the application were truthfully made, but that the defendant's agent writing up the application, without the knowledge of Herndon, incorrectly filled in the responses made by the assured. At the trial in the circuit court plaintiff had a verdict and judgment in her favor on the three counts of the petition, aggregating $1,036.50, from which defendant has appealed.

I. Chief among the defenses relied upon were, *first*, that in the application for insurance, signed by the said Geo. W. Herndon, he had falsely answered certain questions therein propounded, wherein said Herndon had stated in substance that he was sound and in good health, and that no brother of his had died or was afflicted with consumption, and, *second*, that subsequent to the issue of the policies the alliance had been informed of the falsity of these representations, and had then, with the knowledge and acquiescence of said assured, canceled the said insurance. Defendant introduced evidence tending to prove that both Herndon and a brother had been afflicted with consumption, and that the brother had died with said disease before the application was signed. Opposed to this there was testimony on the part of the plaintiff tending to establish doubt as to whether the assured or brother had consumption, and there was evidence tending further to show that when Davis, defendant's agent, secured the applications, Herndon candidly and truthfully informed

said agent of all he (Herndon) knew as to the disease of his brother, and that the agent wrote the answers to the interrogatories, and Herndon signed the applications without reading or having the same read to him. Now in arriving at a determination as to what occurred when Herndon made the application—what was said and what done—the plaintiff, wife of the assured, was called as a witness, and she was permitted by the court, over the defendant's objection, to testify. She was asked by her counsel to state if the questions in the application were read to her husband, and she answered, "The questions were not read to him. I saw him sign the paper; it was not read to him," etc. Defendant's counsel objected to this evidence as involving communications between the husband and third parties, the witness being the wife of one of the parties to the conversation. The court overruled the objection and admitted the evidence, and therein committed error. By the rules of the common law the wife was incompetent to testify in matters where her husband was a party to the transaction in dispute. Our statute has to some extent relieved this disability. R. S. 1889, sec. 8922. But it is there expressly stipulated, "that nothing in this section shall be construed to authorize or permit any married woman, while the relation exists, or *subsequently*, to testify to any admissions or conversations of her husband, whether made to herself or to third parties." Construing this statute, it is held not only to exclude the wife from testifying as to the *words* of a conversation had between her husband and a third party, but disables her, as well, from testifying to any *act* attending such conversation which goes towards explaining or qualifying the act. In such cases the act is to be construed in the light of what is said at the time, and to permit the wife to testify as to the act, and close her mouth as to the accompanying conversation, would, in effect, be admitting a part of a transaction

and excluding a part which might work serious injus
tice. *Holmes v. Bachus*, 73 Mo. 49; *Waddle v.
Mc Williams*, 21 Mo. App. 298.  Besides, in the case we
have here, it may be fairly contended, that Mrs. Hern-
don was permitted to testify in relation to the conver-
sation between her husband and Davis, the agent.  While
she does not in express terms tell what *was* said in that
conversation, she yet testifies that certain things were
*not* said.  The evidence so admitted was clearly, we
think, within the prohibition of the statute, and should
have been excluded.  This was, too, harmful error.
It related to an important feature of this controversy.
And since then the cause must be sent back for a new
trial we shall add something further on other questions
discussed in counsel's briefs.

II.  Defendant's objection to plaintiff's petition is
not well taken.  It seems to be the contention that
plaintiff had adopted an improper remedy; that she
could only sue in equity for a specific performance of
the contract to levy an assessment on the various
members of the benevolent association.  Without an
extended discussion we may say that this point is settled
against defendant's contention by a late decision of the
supreme court.  *Taylor v. Temperance Union*, 94 Mo.
35.  It was there said, in a similar case to this: "We
are satisfied that had the petition in this case averred
that the defendant had refused to make the assessment
which it had agreed to make, and that if such an assess-
ment had been made, defendant could or would have
realized the sum of $1,000, that a good cause of action
would have been stated for the recovery of the whole
of said sum."  These allegations substantially appear
here in plaintiff's petition.

III.  Much is said in plaintiff's instructions, as
well as in counsel's printed argument, in relation to
Herndon's alleged ignorance of the contents of the
application for insurance as signed by himself.  There
is no pretense that he was induced by any fraud, deceit

or imposition from the agent to sign these papers. Indeed, counsel admit entire good faith on the part of the agent. The assured cannot escape the force and effect of statements thus made to the insurance company, on which it may have acted, by the mere statement or claim that he signed the application without reading or having the same read to him. It was his duty to read the paper, or in some way inform himself of its contents before signing. In the absence of fraud, deceit or misrepresentation the assured cannot be protected by the claim of ignorance, merely, of the contents of the paper. *Robinson v. Jarvis*, 25 Mo. App. 425; *Palmer v. Ins. Co.*, 31 Mo. App. 472; *Taylor v. Fox*, 16 Mo. App. 529; *Rothschild v. Frensdorf*, 21 Mo. App. 323; *Brown v. Railroad*, 18 Mo. App. 574; *Snider v. Express Co.*, 63 Mo. 383.

Notwithstanding the application may have falsely stated matters material to the risk, "yet if the insurer, or its agent, had knowledge of the true state of the matter, from any source, at the time when the contract was entered into, the policy will not be thereby avoided." Wood on Fire Ins., sec. 205; *Combs v. Ins. Co.*, 43 Mo. 148. The same rule applies in this regard to life insurance as to fire insurance. Phillips on Insurance, 643.

It would seem entirely proper that the constitution and by-laws of the defendant corporation be put in evidence on a retrial of this case. By that it may be determined as to what authority, if any, the secretary had to cancel certificates or policies; what dues or assessments may be collected of members; and the result of non-payment, etc.

For reasons first stated, the judgment is reversed and the cause remanded. All concur.