UNION BREWING COMPANY, Appellant, v. HARRY C. EHLHARDT et al., Respondents.

St. Louis Court of Appeals, July 6, 1909.

1. PLEADING: Motion to Strike Out: Demurrer: Appellate Practice. Motions to strike out pleadings which go exclusively to the sufficiency of the pleading and invoke no collateral matter, are to all intents and purposes demurrers, and rulings thereon will be reviewed on appeal even though no exceptions were taken at the time the rulings were made, and no motion for new trial filed.

2. APPELLATE PRACTICE: Motions: Demurrers: Motion for New Trial. Where an oral motion, on appeal in the circuit court, praying leave to amend the statement which had been filed in the justice court, was overruled, such action presented a matter of exception purely, to be preserved in a bill of exceptions.

139 App—9

3. ————: Motion for a new Trial: Bill of Exceptions: Time for Filing. Where a motion for new trial was filed in due time and continued by the court to the next term of court and then overruled, a bill of exceptions filed at the term at which the motion for new trial was overruled will be reviewed by the appellate court.

4. JUSTICES OF THE PEACE: Amendments in Circuit Court. Amendments to statements filed before justices of the peace will be allowed in the circuit court in all cases except where they introduce items not contained in the original statements, or cause different causes of action to be litigated in the circuit court from those which were litigated before the justice.

Appeal from the St. Louis City Circuit Court.—*Hon. Geo. H. Shields*, Judge.

REVERSED AND REMANDED.

*Henry E. Haas* and *F. A. & I. A. Wind* for appellant.

The court erred in refusing plaintiff leave to file amended statement of its cause of action and sustaining defendants' motion to dismiss. The statute expressly provides that "the bill of items or account sued on may be amended on appeal to supply any deficiency or omission therein . . . provided no new item or cause of action not embraced or intended to be included in the original account or statement shall be added." R. S. 1899, sec. 4079; Heman v. Fanning, 33 Mo. App. 50; Keene v. Sappington, 115 Mo. App. 33; Rechnitzer v. Vogelsang, 117 Mo. App. 148; Phares v. Lumber Co., 118 Mo. App. 546; Warner v. Close, 120 Mo. App. 211. The statute is remedial and should be liberally construed. Dowdy v. Wamble, 110 Mo. 280; Broom's Legal Maxims (7 Ed.), 83; 26 Am. and Eng. Ency. of Law (2 Ed.), 676.

*Walther & Muench* for respondents.

The abstract does not show that the bill of exceptions incorporated in it was ever filed or ordered filed.

There is therefore nothing before this court except the record proper and no errors appearing on that the judgment should be affirmed. Boothe v. Fulton, 85 Mo. App. 16; Jacob v. Railroad, 94 Mo. App. 567; Fast v. Gray, 105 Mo. App. 694; Hughes v. Henderson, 95 Mo. App. 312; Scraper Co. v. Kolkmeyer, 91 Mo. App. 286. Exception to the action of the court in refusing to permit the filing of an amended account was not properly saved by a term bill of exceptions and such action cannot be reviewed in this court. The filing of a motion to set aside the subsequent dismissal of the case and the exception to the overruling of that motion at a subsequent term did not have the effect of preserving an exception to the ruling on the amendment. Rigdon v. Ferguson, 172 Mo. 49; State v. Williams, 147 Mo. 14; Asphalt Co. v. Ullman, 137 Mo. 543; Piefka v. Knapp, Stout Co., 166 Mo. 7; Wentzville v. Walker, 123 Mo. 662; Casualty Co. v. Kacer, 169 Mo. 318; Holliday v. Moss, 96 Mo. App. 57. The statement filed with the justice stated no cause of action, contained nothing which would advise the defendants of the cause of action intended to be sued upon and would not bar a subsequent action. The circuit court did not err, therefore, in sustaining defendants' motion for dismissal. Nenno v. Railroad, 105 Mo. App. 540; Heimberger v. Harrison, 83 Mo. App. 544; Brashears v. Strock, 46 Mo. 221; Rechnitzer v. Candy Co., 82 Mo. App. 311; Evans v. Railroad, 67 Mo. App. 255; Moffitt v. Crider, 100 S. W. 1100; Bricken v. Cross, 163 Mo. 457. Amendments are not allowed as a matter of course, but are only permitted at the discretion of the court, and an appellate court will not interfere with the exercise of such discretionary power by the trial court unless it has been clearly abused. Caldwell v. McKee, 8 Mo. 334; Ensworth v. Rarton, 67 Mo. 622; 1 Ency. of Pl. and Pr., p. 525.

NORTONI, J.—This is a suit on account. It originated before a justice of the peace and found its way

into the circuit court. In that court, the defendant filed a motion by which he challenged the sufficiency of the statement of account sued upon, and moved the court to dismiss the action on that ground. The court sustained this motion, whereupon plaintiff asked leave to file an amended statement of account and tendered a sufficient statement to that end. The court denied plaintiff's request and dismissed the suit on the theory that the original statement of account filed before the justice was so indefinite as to preclude the right of amendment. Plaintiff excepted at the time to the ruling of the court in denying him the privilege to amend and within four days thereafter, at the same term, filed a motion for rehearing or new trial on that question. Plaintiff filed no term bill of exceptions, however, to the ruling of the court denying him the right of amendment. The motion for rehearing or new trial was continued by the court to a subsequent term and was then overruled, to which action of the court in overruling the motion for rehearing, plaintiff duly excepted. At this term of the court at which the motion for rehearing was overruled, plaintiff prepared and tendered his bill of exceptions. The court signed the bill and ordered it filed. The bill was duly filed during the term at which the motion for rehearing was overruled and at a term subsequent to that at which the court denied plaintiff's right to amend the defective statement of account.

The first question presented relates to the right of this court to review the ruling which denied plaintiff's application to amend, in view of the fact that no term bill of exceptions was preserved thereto. It is argued that as plaintiff failed to file his bill of exceptions during the term at which the ruling was made, or within such time thereafter as the court, by order of record, might have granted, the question is not open for review here. It is true as a general proposition that an exception must be preserved to the action of the court in striking out a pleading by bill filed at the term at which the

ruling was made, or within the time extended for that purpose. [Asphalt Paving Company v. Ullman, 137 Mo. 543, 564; 3 Ency. Pl. and Pr., 401.] However, we believe there may be exceptions to that rule. There are many motions to strike out pleadings which go exclusively to the sufficiency of the pleadings on its face, and invoke no collateral matter. In such cases, the motion to strike out serves the office of a demurrer. [Austin v. Loring, 63 Mo. 19; Paxson v. Talmage, 67 Mo. 13; s. c., 14 Mo. App. 586; Bick v. Dry, 134 Mo. App. 538, 589; 114 S. W. 1145.] The rule is well established that where the error complained of appears on the face of the record, it will be considered on appeal though no exceptions whatever were taken to the action of the court at the time. [Bateson v. Clark, 37 Mo. App. 31.] The rule is thus stated in 3 Ency. Pl. and Pr., 404:

"It is a general rule of appellate procedure that a bill of exceptions is useless, and indeed none should be brought up to the appellate court, where all the facts constituting the alleged error appear on the face of the record proper. The reason for this rule is obvious, since the only purpose of the bill is to bring before the court in an authenticated manner facts which in the ordinary course of proceeding, would not otherwise appear of record in the case."

It is generally true, where the error alleged is based on a judgment given solely on the pleadings, it is reviewable on appeal without a bill of exceptions. [Swaggard v. Hancock, 25 Mo. App. 605; 3 Ency. Pl. and Pr., 407.] In keeping with this doctrine it has been frequently ruled that where the case is dismissed on a mere motion which performs the office of a demurrer, and results in the determination of the case, the action of the trial court thereon may be reviewed even though no motion for new trial has been filed. [O'Connor v. Koch, 56 Mo. 353, 362; In re Estate of Hoard, 128 Mo. App. 482.] Indeed, it is true in the O'Connor Case an exception was properly preserved to the ruling in the bill. However,

on principle, we see no valid reason why the judgment might not have been reviewed in the absence of exception as well as in the absence of a motion for new trial, which serves the purpose of calling attention of the court to matters of exceptions only. See also to the same effect, Aultman v. Daggs, 50 Mo. App. 280, 288; In re Estate of Howard, 128 Mo. App. 482, 490. We believe, on the authorities, that where the motion to strike out the pleading is equivalent to a demurrer and performs the office of a demurrer solely, without inviting or inducing the court to rule on a collateral matter, the question may be reviewed on appeal, although no exception is preserved to the ruling, precisely as it may be in the absence of a motion for new trial. See Bick v. Dry, 134 Mo. App. 538, 587, 114 S. W. 1145. Although this matter has been presented in the briefs, it is really unimportant here for the reason the ruling of the court complained of is not that which declared the plaintiff's original statement of account insufficient, but is rather the ruling which denied plaintiff's right to amend. It seems to be conceded that the court correctly ruled the statement to be insufficient, and the precise question presented for decision relates to the ruling of the court in denying the right of amendment. As a rule objections to the rulings of the court on the allowance of amendments must be saved by exceptions. [Taylor v. Fox, 16 Mo. App. 527; City of Springfield v. Ford, 40 Mo. App. 586; Holliday v. Mansker, 44 Mo. App. 465; Nichols v. Stephens, 123 Mo. 96; Aultman v. Daggs, 50 Mo. App. 280; In re Estate of Howard, 128 Mo. App. 482.]

Now plaintiff's motion in this case, to be permitted to amend the defective statement, was not reduced to writing, but on the contrary, seems to have been *ore tenus*. It is therefore not in the form usually considered by the courts. However this may be, it was nevertheless a motion which invoked a ruling of the court to the effect that an amendment of the statement at that

time was not allowable. There can be no doubt that this presented a matter of exception purely, identically as, it would had the amendment been allowed. [In re Estate of Howard, 128 Mo. App. 482; Taylor v. Fox, 16 Mo. App. 527; City of Springfield v. Ford, 40 Mo. App. 587; Trice v. Holladay, 40 Mo. App. 575; Aultman v. Daggs, 50 Mo. App. 280, 288; Holliday v. Mansker, 44 Mo. App. 465.] Plaintiff preserved his exception taken at the time, in a bill filed at a subsequent term of court, after the motion for rehearing was overruled. The question is: Can we review that exception thus preserved in view of the fact that a motion for rehearing was filed and carried over, and no term bill of exceptions was filed at the term at which the ruling was made? Now we believe this matter should be determined by reference to the question as to whether or not it is an essential prerequisite to review, that the matter should be called to the attention of the trial court in the motion for a new trial; or more appropriately in this case, the motion for rehearing. Although the judgment of the court may be rendered and entered at the term at which a matter is disposed of, it is the doctrine of our law that the judgment remains suspended during the interim after filing the motion for new trial and until it is overruled. [Scofield v. Walter, 167 Mo. 537, 548; In re Estate of Howard, 128 Mo. App. 482.] Our statutes (secs. 727, 728), provide that when either party shall except to the opinion of the court, the exception shall be written and filed during the term of the court at which it is taken, or within such time thereafter as the court may, by order of record, allow; and that all exceptions taken during the trial of the cause, or issue before the same jury, shall be embraced in the same bill of exceptions. In construing these statutes with reference to the situation presented by the filing and continuance of the motion for new trial, our Supreme Court has said that the provision requiring the bill to be filed during the term, relates to the term while the case con-

tinues to rest in the breast of the court, and therefore, when the motion for new trial is filed and continued, the cause is not disposed of but remains resting in the breast of the court. In this view, it is said that such exceptions as fall within the purview of a motion for new trial are continued with that motion and may be presented for review in the appellate court by bill of exceptions filed at the term at which the motion was overruled, or within such time thereafter as the court may allow. In view of the other rules of procedure referred to, this is certainly· sound reasoning, for it may be that the court would determine it had erred and sustain the motion for a new trial, in which event, of course, there would be no need whatever for a bill of exceptions. [Riddlesbarger v. McDaniel, 38 Mo. 138; Gray v. Parker, 38 Mo. 160; In re Estate of Howard, 128 Mo. App. 482.] It is therefore clear that if the exception preserved in this case be one to which it is necessary to call the court's attention by motion for a rehearing the matter will be continued with that motion to a subsequent term and is properly preserved in a bill filed after the motion for rehearing is overruled. It is entirely clear that the trial court should be accorded an opportunity on the motion for a rehearing to review its ruling on a question such as presented by this record, otherwise it might be declared in error touching a matter which it had been afforded no opportunity to review and correct. This being true, a continuance of that motion while under advisement operated as well to continue plaintiff's right to file its bill of exceptions after the court had declined to reconsider and set aside its former ruling and permit an amended statement to be filed. [In re Estate of Howard, 128 Mo. App. 482; Riddlesbarger v. McDaniel, 38 Mo. 138.]

The original account sued upon and filed as a statement before the justice, is obviously insufficient in that it fails to disclose for what the several items of indebtedness therein mentioned were contracted. That is to

say, it does not set out the items of merchandise nor does it refer in any manner thereto. The items are properly dated, however; the amount on each separate date is indicated without using the dollar sign, and reads as follows:

"1905.   June 1 ............... ........ 18
      "    2 ............... .......... 9
      "    3 .......... ............ 9
      "    5 .......... ............ 27"

In actions originating before a justice of the peace, great liberality is allowed in the statement. In an action for debt in that court, a statement sufficiently definite to inform the defendant of the nature of the plaintiff's demand, and to bar another action on the same account, is all that is required. [Weese v. Brown, 102 Mo. 299.] It is obvious that the statement of account filed before the justice was wholly insufficient to bar another cause of action on the same subject-matter. The amendment tendered is said to be sufficient. It is unnecessary to set it out. The court denied the amendment on the theory that the original statement of account was so defective as to be insufficient to afford a basis for amendment; that is, that it was entirely unavailing and therefore there was nothing to amend. It is true that there are a number of reported cases in our books which sustain this rule. Amendments of defective statements in causes originating before the justice, as in this case, were denied prior to the adoption of our present statute on the subject. It seems the early cases proceeded upon the theory that unless there was a reasonably sufficient statement filed before the justice in the first instance, no amendment was permissible when the cause had reached the circuit court. The following cases illustrate: Brashears v. Strock, 46 Mo. 221; Gist v. Loring, 60 Mo. 487; Madkins v. Trice, 65 Mo. 656. The ruling of these cases was somewhat anomalous indeed, when we remember that it is the usual practice to per-

mit amendments in cases instituted in the circuit court after a demurrer has been sustained to the petition which wholly fails to state a cause of action. See Heman v. Fanning, 33 Mo. App. 50; Judge Thompson's Dissenting Opinion in Dowdy v. Wombles, 41 Mo. App. 573, 577. However this may be, such was the rule strictly adhered to in this State for a considerable period of time. In 1879, the Legislature contributed to our law what is now section 4079, Revised Statutes 1899. That statute is as follows:

"In all cases of appeal, the bill of items of the account sued on or filed as a counterclaim or set-off, or the statement of the plaintiff's cause of action, or of defendant's counterclaim or set-off or other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement, shall be added by such amendment. Such amendment shall be allowed upon such terms as to costs as the court may deem just and proper."

A mere reading of this statutory enactment indicates that it is highly remedial in character; and the rule is, that remedial statutes are to be construed liberally to the end of suppressing the mischief and advancing the remedy. In construing this statute, we must look to the prior state of the law on the subject, the mischief, if any, which it entailed, and the remedy therefor, which is sought to be provided thereby. [26 Amer. and Eng. Ency. Law (2 Ed.), 676; Dowdy v. Wombles, 110 Mo. 280.] Thus viewing the statute, the purpose of the Legislature to simplify and further proceedings originating before a magistrate in the interests of justice, is manifest. It is obvious that the Legislature intended to abrogate the rigid rule of the early decisions denying the right of amendment in cases of the character here in-

volved and to authorize such amendments, even where essential facts are thereby first introduced into the case. Such is the view taken by our Supreme Court and expressed in Dowdy v. Womble, 110 Mo. 280, 284. This statute touching amendments, seems to deal with the question in the spirit in which the justice courts were established. That is, it treats them as popular tribunals where persons are permitted to litigate without the usual formalities in pleadings. Our whole scheme of practice, in so far as these courts are concerned, evinces an intention on the part of the legislative authority to permit persons to appear in these tribunals without the necessity of employing counsel. The ordinary citizen who is not informed as to the procedure in courts, is not expected to prepare a statement of his cause of action with the same precision and art as is expected of an experienced practitioner. The result, of course, is many defective statements find their way into the circuit court from these popular tribunals. The liberal provisions of the statute above quoted, manifestly intend that such defective statements may be amended in almost any case where substantial justice will be promoted, the only reservation or limitation on the right of amendment therein being that "no new item or cause of action not embraced nor intended to be included in the original account or statement, shall be added by such amendment." It seems, from this too, that any matter which was intended to be included in the original account or statement may be supplied by amendment. Indeed, as said by Judge Thompson in his dissenting opinion in Dowdy v. Wombles, 41 Mo. App. 573, 583, under this statute, amendments were allowed in all cases save two. One is where no statement was filed before the justice, or where the statement which was filed is so defective as to mean nothing, so that it is equivalent to no statement at all, and the other is where the statement which has been filed before the justice shows that a certain cause of

action was litigated there and it is sought to amend the statement in the circuit court so as to allow a different cause of action to be litigated in that court than was litigated before the justice. Of course, in neither of these cases should an amendment be allowed. But otherwise, the greatest latitude is given. Judge THOMPSON's dissenting opinion referred to is approved by our Supreme Court in Dowdy v. Wombles, 110 Mo. 280. In the case last cited, an amendment was allowed which introduced for the first time jurisdictional averments in a complaint in replevin.

In Mitchell v. Railway, 82 Mo. 106, the Supreme Court said of this section: "Its language is too plain to admit of much doubt that it meets a case like this, and authorizes the amendment permitted by the court below." In that case the amendment allowed pertained to a jurisdictional averment in a cause of action against a railroad for killing stock. Indeed, the rule is well established in this State that under the authority of the statute above quoted, amendments may be allowed when the original statement filed before the justice is wholly insufficient to support a judgment; or, in other words, to inform the defendant concerning the demand and bar another action for the same subject-matter. Such amendments are denied only when it is sought thereby to change the cause of action, or where there was no statement at all filed before the justice. For numerous cases in point touching such amendment in suits on account, see the following: Rechnitzer v. Vogelsang, 117 Mo. App. 148; Doggett v. Blanke, 70 Mo. App. 499; Warner v. Close, 120 Mo. App. 211; Keene v. Sappington, 115 Mo. App. 33; Phares v. Jaynes Lumber Co., 118 Mo. App. 546; Heman v. Fanning, 33 Mo. App. 50. In the latter case, it is said the argument that because a statement of the cause of action filed before the justice is so defective as not to support a judgment, it cannot be amended in the circuit court, involves a solecism that only those statements which do not need amendment

are amendable.  At any rate, the old doctrine is now entirely abrogated by the statute and amendments in cases of this nature are allowed with the greatest freedom, subject only to the limitation that the cause of action originally sued upon shall not be changed thereby, that there was a statement actually filed before the justice.

The court erred in denying the amendment.  The judgment will therefore be reversed and the cause remanded.  *Reynolds, P. J.,* and *Goode, J.,* concur.