Dollman v. Munson.

---

90   85
41a 576
90    85
148  485

## Dollman v. Munson, *Appellant.*

1. Practice : INSTRUCTIONS : EVIDENCE. Where no instructions are asked or given in a case and the evidence is conflicting, the Supreme Court will not interfere with the finding of the trial court.

2. ———— : NEW TRIAL. A new trial should not be granted on account of newly discovered evidence which is merely cumulative in its character.

3. Pleading : VENUE : MOTION IN ARREST OF JUDGMENT. The venue, " State of Missouri, county of ————, ss.," at the top of the form

given by Revised Statutes, section 2883, is no part of the statement, and its omission is no ground for arresting the judgment, where the name of the county appears in the body of the statement and the names of the county and state appear from the records and proceedings.

*Appeal from Jefferson Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*Williams & Green* for appellant.

(1) The motion for new trial should have been sustained. (2) An improper finding was occasioned by plaintiff's testimony. (3) Defendant had a just defence. His testimony and that of Malone, Delf, Moore and Pulse shows the hog to have been his property. R. S., sec. 3704. (4) The motion in arrest of judgment should have been sustained. On account of the defect in the statement the justice acquired no jurisdiction of the subject matter of the action. R. S., secs. 2882–3; *Gist v. Loring*, 60 Mo. 487; *Madkins v. Trice*, 65 Mo. 656. It is immaterial that defendant made no objection to the defect in the statement till he moved in arrest. Jurisdiction of the subject matter cannot be conferred otherwise than by law. *Stone v. Corbitt*, 20 Mo. 350.

*Wislizenus & Kleinschmidt* for respondent.

(1) This court will not reverse the action of the court below in refusing to grant a new trial, save when the discretion is grossly abused. *Eidemiller v. Kump*, 61 Mo. 340; *Goffin v. Veil*, 56 Mo. 310. (2) The point to which this evidence was directed, if not wholly immaterial, was certainly directed to a mere side issue, and was merely cumulative of evidence produced on trial that plaintiff owned no blooded stock, and the discovery of cumulative evidence is no ground for setting

aside a verdict and granting a new trial. *State v. Sayers*, 58 Mo. 585; *Whalen v. Railroad*, 60 Mo. 323; *State v. Redemeyer*, 71 Mo. 173. (3) It was owing to appellant's objection, solely, that the evidence, which he seeks to cover with his affidavits, was not brought out at the trial. He is in no position to complain. *State v. Ray*, 53 Mo. 345. (4) The affidavits, at best, tended to contradict (or, perhaps, impeach) plaintiff, and would not warrant a new trial. *State v. Ray*, 53 Mo. 345; *State v. Willoughby*, 76 Mo. 215. (5) It is sufficient answer to the objection to the complaint to refer to its language, by which it is charged that the property "is wrongfully detained by defendant at the county of Jefferson aforesaid," and that Jefferson county—as far as this case is concerned—is in the state of Missouri, this court will take cognizance of. *Woods ex rel. v. Henry*, 55 Mo. 510; *State v. Daniels*, 66 Mo. 192; 1 Greenleaf on Evid. [4 Ed.] par. 6, p. 8. (6) If there be any defect, the statute of jeofails cures it. R. S., 1879, sec. 3582: "Ninth, for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict; twelfth, for the want of any venue, if the cause was tried in the proper county."

RAY, J.—This is an action of replevin, brought before a justice of the peace, in Jefferson county, Missouri, for two hogs, a sow and a barrow, alleged to be worth twenty-five dollars.

The statement filed by the plaintiff before the justice contained the averments required by Revised Statutes, section 2882, and was also in the form given by section 2883, except that the words:

"State of Missouri, ⎰ ss."
"County of ——, ⎱

At the head of the form, and preceding the state-

ment itself, were omitted.  All the blanks appearing in the form were properly filled—the third blank being filled with the word "Jefferson," which is the name of the county in which the suit is brought.

The plaintiff gave no replevin bond, and the property remained with the defendant.  The trial, before the justice, resulted in a verdict and judgment that plaintiff recover the sow, and that defendant retain the barrow.  The plaintiff, got the sow from the defendant, who asserted no claim to her, and, as to the barrow, took an appeal to the circuit court, where, upon a trial anew, as shown by the record, the question turned upon the identity and ownership of the barrow, in question, and upon this point, there was, as is usual in such cases, a marked and decided conflict in the testimony, the plaintiff and his witnesses identifying the barrow as the property of the plaintiff; while the defendant. and his witnesses, with equal confidence, identified it as the property of the defendant.  It, also, appears that plaintiff, while testifying in his own behalf, said, among other things, that the hog was of the Poland China stock, from a Poland China sow, he had purchased from one Louis Diense.  The witness, Meyers, for plaintiff, said it was Poland China and Berkshire mixed.  The defendant and two of his witnesses said it was Poland and Berkshire mixed, while one of defendant's witnesses thought it was pure Berkshire.  After the evidence was closed, the judge, before whom the case was tried, said he would like to have Louis Diense brought and examined, before he decided the case.  To this proposition, the plaintiff's counsel assented, but the defendant's objected to sending for any more witnesses; whereupon the court found for the plaintiff in the sum of twenty dollars, and rendered judgment accordingly.

In due time, defendant filed his motion for a new trial:
(1) Because the decision was against the evidence, and
(2) because the testimony of plaintiff, as to his having

purchased a Poland China sow from Louis Diense, was not true, and that the knowledge of the fact, that it was untrue, had come to him since the trial and decision of the case.

In support of this motion, defendant filed the affidavit of Louis Diense, and others, tending to show that the mother of the barrow, in question, sold by Diense to plaintiff, was not of Poland China or Berkshire stock, but a common scrub. On the other hand, the plaintiff filed affidavits, in opposition to those of defendant tending to support his testimony, in that behalf, at the trial; whereupon the court, after examining and considering said motion and affidavits, overruled the same. To which, the defendant excepted..

The defendant, also, filed his motion in arrest of judgment, on the following grounds: (1) That the justice of the peace, before whom the action was brought, had no jurisdiction of the subject matter of the action, because the statement filed before the justice contained no averment that the property mentioned in the complaint was detained by defendant, at the county in which the suit was brought. (2) That the justice not having acquired any jurisdiction, the circuit court had none. This motion, the court, also, overruled, and the defendant excepted, and brought the case here by appeal.

The only questions for review, presented by this record, grow out of the refusal of the trial court to grant a new trial, and to arrest the judgment, for the reasons assigned. As to the motion for a new trial, where, as in this case, no instructions were asked or given, and where the evidence, as in this case, is conflicting, it is sufficient to say that the rule of this court, not to interfere in such cases, is too well established to require the citation of authorities.

The rule, also, is equally well established, not to grant a new trial on account of newly discovered evi-

dence, where, as in this case, the newly discovered evidence is only cumulative. Such, manifestly, is the character of the newly discovered evidence in this case. Without this evidence, which, at most, was incidental only, there was abundant evidence, on the part of plaintiff, tending to prove the identity and ownership of the barrow in question, as claimed by him, which was the controlling question in the case. It may be conceded, also, that the defendant's evidence equally tended to prove his side of the case; but, in such cases, the trial court is the proper judge of the weight and credibility of the testimony, and its decision in that regard is usually conclusive with us. Besides this, the record shows that the failure to have the benefit of the testimony of said Diense, before the court decided the case, was due solely to the objections of defendant's counsel, at the trial of the cause. This point, therefore, is not well taken.

As to the motion in arrest, it is predicated upon the charge that "the statement filed by plaintiff before the justice contains no averment that the property mentioned in the complaint was detained by defendant at the county in which the suit was brought." The only ground on which this charge rests, is the absence of the "venue," at the top of the form, given by Revised Statutes, 1879, section 2883, and really forming no part of the statement itself; while the statement itself, in express terms, charges that the same is wrongfully detained by the defendant at the county of "Jefferson," aforesaid. It is claimed, that there is no sufficient averment or evidence, that the Jefferson county, aforesaid, here mentioned, is Jefferson county, Missouri, and yet the statement, in defendant's brief, in express terms says that the action was brought before a justice of the peace, in Jefferson county, Missouri. The record and

proceedings in the cause also abundantly show the same thing.

The absence, therefore, of the words,

"State of Missouri, } ss."
"County of ———, }

At the head of the form, given by section 2883, un-der such circumstances, furnishes no support for the motion in arrest, and this objection, therefore, is not well taken.

The facts of this case, are wholly unlike the facts in the case of *Gist v. Loring*, 60 Mo. 487, and *Madkins v. Trice*, 65 Mo. 656, cited in appellant's brief. For these reasons, the judgment of the circuit court is affirmed. All concur.