## LEIMONAS v LITHUANIAN SAVINGS & LOAN ASS'N

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12784.   Decided May 8, 1933

LEVINE, J.

Shorn of all the unimportant questions under discussion, there is but one vital question before us. Assuming that the rules and regulations relating to the withdrawal of funds of the defendant corporation were of binding effect upon plaintiff, the question still remains whether the request of the plaintiff made upon the defendant corporation to apply the indebtedness due to him from the corporation, as represented by the two pass books, to the payment and satisfaction of an indebtedness which is due from him, amounts in law to a withdrawal of funds. In other words, does his request to make an application of one indebtedness to the satisfaction of another come under the limitations of the rules and regulations limiting the right to withdraw funds?

In Scott v Armstrong, 146 U. S. Page 499, the court held:

"Where a debt is due from a bank to a creditor at the time of its suspension, the creditor can set off a debt due from him to the bank, but not if the debt is not due at the time of its suspension."

The plaintiff's obligation to the defendant company, as evidenced by the note and mortgage executed by him in its favor, was past due and fully matured. The defendant company would be completely within its rights to enforce payment and also to bring a foreclosure action upon the mortgage given to secure the note. Had the defendant chosen to take the initiative by instituting suit against plaintiff to enforce payment of the note and to obtain a decree of foreclosure on the mortgage given to secure said note, plaintiff would unquestionably have had the right to ask for a set-off of the indebtedness due to him from the corporation as represented by his pass books, as against the obligation sought to be enforced against him by the corporation. He could, in addition, tender a sum representing the balance, if any, which remains due to the corporation after the set-off is effected. We can see no reason why the plaintiff in this case should be obliged to wait until defendant corporation brings an action against him.

There can be no dispute that if defendant corporation were a bank organized under the banking laws of the State of Ohio in-

stead of a savings and loan association, that the depositor indebted to the bank, may, if his indebtedness is due, set off his deposit against the indebtedness. It has been held that this right of set-off exists without any previous demand being made for the deposit.

Colton v Drovers' Perpetual Building & Loan Association, 90 Mo. 85, 46 L.R.A. 388.

The claim is made that a different rule must obtain in the case of a building and loan association because to entitle plaintiff to the remedy which he prays for would constitute a preference operating injuriously as to other creditors and depositors of the defendant company. This contention, we think, is conclusively answered in the case of **Barbour v Bank, 50 Oh St 101.**

"It is urged that by allowing the set-off the fund for the benefit of creditors will be diminished, resulting in an inequality of distribution among the creditors; but it is said that the set-off in such a case is not a means of paying one debt in preference to other debts which the insolvent owes, for to the extent of the demands set off or compensated there was no debt. From the moment they were contracted they extinguished each other. Hence the operation of the set-off is not to pay but to ascertain a debt made by the difference between the amounts of the respective debits and credits."

Our statutes secure the right of set-off sustaining the right of debtor and creditor between whom there are cross-demands. The purpose of the statute is evident. Where such cross demands exist between persons sustaining such relation of debtor and creditor, a set-off is allowed in order to ascertain in whose favor a balance if any exists. The relationship between the plaintiff and the defendant was unquestionably that of debtor and creditor. The plaintiff is indebted to the defendant upon a promissory note which has become due and which is secured by a mortgage on certain real estate. The defendant is indebted to the plaintiff in the sum of $4067.46, deposited by him in said bank in two savings accounts and which are evidenced by two separate pass books.

This is so, notwithstanding the fact that plaintiff owns one share of stock. This action does not involve the question of money due on stock subscription contracts. The mere fact that the plaintiff owns one share of stock does not prevent him from becoming a debtor of defendant corporation and

he became such the moment he executed the note and mortgage in favor of defendant. Likewise it does not prevent him from becoming a creditor of the bank, and he became such when he deposited money in his savings accounts.

In **Bank v Brewing Co., 50 Oh St 151,** it is held:

"Money received by a bank on general deposit becomes the property of the bank, and its relation to the depositor is that of debtor and not of bailee or trustee of the money."

In the conduct of its savings department, defendant occupies the same relation to its depositors as does any other bank. In the case of **Niles, Assignee v Olszak, 87 Oh St 229,** the court held:

"A stockholder in a savings and loan association organized under the laws of this state, is entitled when the association becomes insolvent, to set off, as against its assignee for the benefit of creditors, a claim for money which he has on deposit with the association, against his liability for the unpaid part of his stock subscription."

In the case of **Bayless v Baird, 110 Oh St 305,** the court held:

"1. The members of a building and loan association, whether borrowers or non-borrowers, have a mutual interest in its affairs; sharing alike its earnings, they must alike bear its losses.

"2. A borrowing member of a building and loan association occupies a two-fold relation. As a debtor he must repay his loan with stipulated interest; as a stockholder he may participate in the earnings and must contribute to losses sustained.

"3. In an action by a receiver of an insolvent building and loan association to foreclose a mortgage on real estate given by a borrower who is a member and the owner of unmatured running stock therein pledged as collateral security for said loan, said borrower is not entitled to have credited on his loan the dues theretofore paid on his unmatured running stock."

When we view the last two cases cited it becomes apparent that in the last case the court held that "credits and debits relating solely to the borrower's rights and liabilities as a stockholder, such as dividends, withdrawal value of stock, and charges for losses and expenses, are not made but are left

until the final winding up of the association and the settlement with members—borrowers as well as non-borrowers."

The money which is paid in on a stock subscription can not be therefore set off against an indebtedness due from such stockholder to the building and loan association.

In the case of Niles, Assignee v Olszak, supra, there was involved the question of a debt due from the stockholder to the building and loan association for the unpaid part of his stock subscription. This was purely his individual indebtedness to the institution, and as to that we have the decision of the Supreme Court that he is entitled to set-off as against such claim, a claim for money which he has on deposit with the association.

Notwithstanding the limitation contained in the rules and regulations or by-laws as to the conditions under which withdrawals may be made by depositors from their savings accounts, which of course are binding upon all who had notice thereof, the present case does not involve the question of withdrawal of funds but instead involves the question of the right of such depositor to have the application made of the indebtedness due to him from defendant as against an indebtedness due from him to defendant. If the plaintiff instead of seeking to make such application, sought to compel defendant to pay him the amount on deposit to his credit we would then become deeply concerned with the rules, regulations and by-laws of defendant company and the limitations placed therein upon the right to withdrawal. He is not asking for any money from defendant company. All that he is requesting is the right to apply the indebtedness due to him against the indebtedness due from him. There is clearly a mutual relationship of debtor and creditor between the parties and the statutory right of set-off fully applies.

As was said in the case of Bank v Brewing Company, supra, page 159, "The funds on general deposit in a bank, are the property of the bank. Properly speaking, the right in such case is that of set-off arising from the existence of mutual demands and the practical effect, however, is the same. The cross demands are satisfied so far as they are equal, leaving whatever balance that may be due on either, as the true amount of the indebtedness from one party to the other."

Holding these views, we are of the opinion that the plaintiff is entitled to the relief he prays for. A decree will be drawn accordingly.

LIEGHLEY, PJ, and McGILL, J, concur in judgment.