HENSCH ET AL. *v.* THE METROPOLITAN SAVINGS & LOAN Co.

(Decided January 28, 1935.)

*Mr. Russell G. Mock,* for plaintiffs.

*Messrs. Barnum, Hammond, Stephens & Hoyt* and *Mr. H. C. Waller,* for defendant.

STEVENS, J., of the Ninth Appellate District, sitting by designation in the Seventh Appellate District.

This cause is before this court upon appeal, motion to dismiss the appeal having been made and overruled, and exception allowed.

It should at all times be kept in mind that the controversy herein arose before the enactment of Section 9652-1, General Code.

Plaintiffs, Herman Hensch and Minnie Hensch, were indebted to the defendant, The Metropolitan Savings & Loan Company, upon a note secured by mortgage in a sum in excess of $900.

In February, 1933, plaintiffs acquired, by purchase from one Mock, a savings account in the defendant company in the approximate amount of $900, the transfer of said account from Mock to the plaintiffs having been approved by the defendant, in accordance with its by-laws.

On or about May 1, 1933, demand was made by plaintiffs upon defendant to set off the amount of their savings account in defendant company against the amount owing by plaintiffs to defendant upon said mortgage, which demand was refused by defendant; whereupon plaintiffs filed their petition praying that said mortgage be cancelled, that a set-off be ordered whereby the amount of plaintiffs' savings account should be offset against the amount owing to defendant by plaintiffs on said mortgage, and for other equitable relief.

Defendant answered, setting up three defenses: First, that the plaintiffs were precluded from withdrawing their savings account from defendant company by virtue of the restrictions placed upon withdrawals under the constitution, by-laws, rules and

regulations of defendant, to all of which plaintiffs had by contract consented; second, that defendant had consented to the transfer to plaintiffs of said deposit account only upon the condition that said deposit should not be used as a set-off against the mortgage owing to defendant from plaintiffs until all restrictions regarding withdrawal of deposits had been removed, to which it was alleged that plaintiffs had agreed; and, third, that plaintiffs' deposit was not available to them for the purpose of set-off against said mortgage to defendant company for the reason that their claim on the deposit was not one upon which plaintiffs might have maintained an independent action at law against the defendant at the time of filing their action herein.

It should be observed that the defendant company is shown by the record, and by the statements of counsel for both parties, to have been at all times a going concern, that its assets exceeded its liabilities by a substantial amount, and that no question of insolvency or preference is herein presented; accordingly, the question presented must be considered from the standpoint of a solvent institution, engaged in the actual conduct of its business, and not from the standpoint of an institution in liquidation.

In approaching a solution of the question here presented it is well to understand that the doctrine of equitable set-off is the remedy attempted to be invoked by plaintiffs.

"1. * * * The doctrine is a purely equitable one, and will be administered in all cases upon such equitable terms as will promote substantial justice." *Brown* v. *Hendrickson,* 39 N. J. L., 239.

It is conceded by counsel that the relationship existing between plaintiffs and defendant upon plaintiffs' deposit account in defendant company is that of creditor and debtor. It is further conceded that the regulations and by-laws of defendant company deprive plaintiffs of any *present* right to *withdraw* from de-

fendant company the amount owing to them upon their savings account. It thus becomes apparent that an action at law, brought by plaintiffs to recover the money owing to them from defendant, would probably not get beyond the stage of interposition of a demurrer.

However, it seems to us that it may be properly concluded that the obligation owing from defendant to plaintiffs was due and payable at the time demand for set-off was made by plaintiffs, but that the time for payment thereof was postponed by reason of the operation of the provisions of defendant's constitution, by-laws, rules and regulations.

"To compel a set-off both debts must have been due and payable at the same time    *    *    *.

"It is not necessary, however, that, at the time, an action could have been maintained upon the debts; it is the condition or state of the demands at the time which is to be looked at, and not any special rule or regulation touching the situation of the debtor or creditor which prevents him from then bringing suit upon the demand, or requires something as a prerequisite." *Taylor et al., Exrs.*, v. *Mayor of City of New York*, 82 N. Y., 10.

The record herein disclosing that the plaintiffs' debt upon their mortgage was past due and payable, and this court having concluded that the obligation owing to plaintiffs from defendant was due and payable, we now address ourselves to the proposition of whether or not the allowance of a set-off would constitute a withdrawal of plaintiffs' deposit, within the proscription of the constitution, by-laws, rules and regulations of defendant.

"Withdrawal" is defined by the Oxford English Dictionary as being "the removal of money or securities from a bank or other place of deposit."

It will be observed that plaintiffs are not attempting to remove money from the place of deposit. They

merely ask a mutual cancellation of debits and credits.

It will be further observed that the constitution, by-laws, rules and regulations of defendant company apply only to withdrawals, and make no mention of set-offs.

We find what we consider to be very respectable authority for the conclusion that allowing a set-off does not constitute a withdrawal of funds from the depositary, within the prohibition of such by-laws and regulations as those of defendant. *Leimons* v. *Lithuanian Savings & Loan Assn.*, 44 Ohio App., 454, 186 N. E., 107.

The cardinal principle in determining whether an equitable set-off shall be allowed seems to be "whenever it becomes necessary to effect a clear equity or prevent irremediable injustice." 24 Ruling Case Law, 865, "Set-off and Counterclaim," Section 70.

The record herein discloses that plaintiffs are required to pay 8% interest upon their mortgage loan, while receiving a substantially lesser amount of interest on their deposit, which situation may and probably will continue for a long time in the future, unless the set-off sought herein is allowed.

Moreover, in order to be placed in a position to *withdraw* their deposit from defendant, the plaintiffs must, under the by-laws of defendant, make an application for withdrawal of said deposit, and from the time of making such application plaintiffs are denied the payment of any further interest at all upon their deposit, while being required to continue interest payments upon their mortgage.

This court is fully aware that there is a great diversity of opinion among the inferior courts of this state, and among the courts of last resort of other states, upon the question herein under consideration. However, we are firmly of the opinion that justice and equity demand, and that the principles of equity will

best be subserved, by allowing and ordering the set-off sought in this case.

We do not find the contract set out in defendant's second defense to have been established by the required degree of proof, and hence we conclude that plaintiffs cannot be barred of their right of set-off by reason thereof.

A decree may be drawn awarding to plaintiffs the equitable relief sought in their petition, with exceptions to the defendant.

*Decree accordingly.*

PHILLIPS, P. J., and CARTER, J., concur.